THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD K. HOOKS, Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Respondent | ) Civil No. _____<br>)<br>) PETITION FOR PRELIMINARY<br>) INJUNCTIVE RELIEF PURSUANT<br>) TO § 10(j) OF THE NATIONAL<br>) LABOR RELATIONS ACT, AS<br>) AMENDED [29 U.S.C §160(j)]<br>)<br>)<br>) ORAL ARGUMENT REQUESTED<br>)<br>) NOTE ON MOTION<br>) CALENDAR JULY 28, 2023 |

ANNE P. POMERANTZ, Regional Attorney, Region 19
KRISTIN E. WHITE, Attorney, Region 19
SARAH MCBRIDE, Attorney, Region 19

NATIONAL LABOR RELATIONS BOARD, Region 19
915 Second Avenue, Room 2948
Seattle, Washington   98174, Telephone: (206) 220-6300

PETITION FOR PRELIMINARY
INJUNCTIVE RELIEF - Page 1

Civil No. _____

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

To the Honorable Judges of the United States District Court for the Western District of Washington:

**COMES NOW** Ronald K. Hooks ("Petitioner"), Regional Director of Region 19 of the National Labor Relations Board ("Board"), and petitions this Court, for and on behalf of the Board, pursuant to § 10(j) of the National Labor Relations Act, as amended (the "Act") [61 Stat. 149; 73 Stat. 544; 29 U.S.C. § 160(j)], for appropriate injunctive relief pending the final disposition of the matters involved herein pending before the Board, based upon an administrative complaint of the General Counsel for the Board, alleging that Starbucks Corporation ("Respondent") has engaged in, and is engaging in, acts and conduct in violation of §§ 8(a)(1) and (3) of the Act [29 U.S.C.§§ 158(a)(1) and (3)], which, among other things, prohibits employers from discharging employees for engaging in union and protected concerted activities for the purpose of mutual aid and protection.  In support of this Petition, Petitioner respectfully shows as follows:

1. Petitioner is the Regional Director of Region 19 of the Board (the "Region"), an agency of the United States Government, and files this petition for and on behalf of the Board.

2. Jurisdiction of this Court is invoked pursuant to § 10(j) of the Act [29 U.S.C. § 160(j)], which provides, *inter alia*, that the Board shall have power, upon issuance of a complaint charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business for appropriate temporary relief or a restraining order.

3. At all material times, Respondent has been a State of Washington corporation headquartered in Seattle, Washington, and has been engaged in operating over 17,000 public restaurants selling food and beverages throughout the United States, including the following locations:  Store #301, located at 1912 Pike Place, Seattle, WA 98101 (the "Pike Place/Flagship Store"); Store #14870, located at 102 Pike Street, Seattle, WA 98102 (the "1st & Pike Store"); and Store #65375, located at 1305 1st Avenue, Seattle, WA 98101 (the "1st & University Store") (collectively, "Respondent's three downtown Seattle stores").

PETITION FOR PRELIMINARY
INJUNCTIVE RELIEF - Page 2

Civil No. _____

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

4. Between on or about June 14, 2022, and February 3, 2023, the Workers United Labor Union International, affiliated with the Service Employees International Union (the "Union") filed four unfair labor practice charges and two amended charges with the Region against Respondent in Cases 19-CA-297589, 19-CA-297794, 19-CA-299666, and 19-CA-303477. (PX 1-7). The charges were filed and amended on the dates noted on each respective charge. Each charge was served on Respondent by regular mail on the date the charge was filed or immediately thereafter. The dates of service are noted on each respective affidavit of service accompanying each of the charges and their respective amendments (the "charges"). (PX 1-7).

5. The aforesaid charges were referred to Petitioner as Regional Director of the Region for investigation.

6. Following a field investigation of the allegations in the charges, during which all parties had an opportunity to submit evidence, Petitioner determined that there was reasonable cause to believe, as alleged in the charges, that Respondent is engaging in unfair labor practice conduct in violation of §§ 8(a)(1) and (3) of the Act [29 U.S.C. §§ 158(a)(1) and (3)].

7. On or about March 2, 2023, the General Counsel, by Petitioner, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing in Cases 19-CA-297589, 19-CA-297794, 19-CA-299666, and 19-CA-303477 (the "Consolidated Complaint") alleging that Respondent had engaged in unfair labor practices within the meaning of §§ 8(a)(1) and (3) of the Act. (PX 8).

8. On or about March 15, 2023, Respondent filed an Answer denying the material allegations of the Consolidated Complaint. (PX 9).

9. On or about May 23, 2022, the General Counsel, by Petitioner, issued an Amendment to the Consolidated Complaint, clarifying the dates and service of the charges. (PX 10).

10. On or about May 30, 2023, Respondent filed an Answer to the Amendment to Consolidated Complaint. (PX 11).

PETITION FOR PRELIMINARY
INJUNCTIVE RELIEF - Page 3

Civil No. _____

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

11. An administrative hearing is scheduled to be conducted before an administrative law judge of the Board on the allegations of the Consolidated Complaint, as amended, beginning on December 12, 2023.

12. Upon the following basis, Petitioner has a substantial likelihood of success that the allegations of the Consolidated Complaint, as amended, are true and that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of §§ 8(a)(1) and (3) of the Act. A cease-and-desist order as well as other appropriate relief will be ordered by the Board if Petitioner prevails before the Board, but the Board's order for such remedies may be frustrated without the injunctive relief sought herein. In support thereof, Petitioner, upon information and belief, shows as follows.

(a) At all material times, Respondent has been a Washington corporation headquartered in Seattle, Washington, and has been engaged in operating over 17,000 public restaurants selling food and beverages throughout the United States, including at Respondent's three downtown Seattle stores.

(b) At all material times, in conducting its operations described above in paragraph 12(a) during the calendar year 2022, a representative period, Respondent derived gross revenues in excess of $500,000.

(c) At all material times, in conducting its operations described above in paragraph 12(a) during the calendar year 2022, a representative period, Respondent sold and shipped from the State of Washington goods valued in excess of $50,000 directly to points outside the State of Washington.

(d) At all material times, Respondent has been an employer engaged in commerce within the meaning of §§ 2(2), (6), and (7) of the Act [29 U.S.C. §§ 152(2), 152(6), and 152(7)].

(e) The Union is, and has been at all material times, a labor organization within the meaning of § 2(5) of the Act [29 U.S.C. § 152(2)].

PETITION FOR PRELIMINARY
INJUNCTIVE RELIEF - Page 4

Civil No. _____

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

(f) The joint board affiliates of the Union are, and have been at all material times, labor organizations within the meaning of § 2(5) of the Act [29 U.S.C. § 152(2)].

(g) At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of § 2(11) of the Act [29 U.S.C. § 152(11)] and/or agents of Respondent within the meaning of § 2(13) of the Act [29 U.S.C. § 152(13)], acting on Respondent's behalf:

| Name | Position |
|---|---|
| Howard Schultz | Now-Former Interim Chief Executive Officer ("CEO") |
| Rossann Williams | Now-Former Executive VP-North America Retail |
| Jessica Borton | Interim Regional VP-Pacific Northwest |
| Geoff Parker | Partner Resources Director |
| Rob Lawrence | Human Resources Manager |
| Nica Tovey | Regional Director |
| Amy Quesenberry | District Manager |
| Taylor Pringle | District Manager |
| Andrea Coster | District Manager |
| Annie Anderson | District Manager |
| Cora Carter | Store Manager, Pike Place Store |
| Josh Dodge | Asst. Store Manager, Pike Place Store |
| Eddie Heitger | Co-Store Manager, 1st & Pike Store |
| Manu Welsh-Coleman | Co-Store Manager, 1st & Pike Store |
| Unnamed Agents | Attorneys |

(h) On or about May 6, 2022, Respondent decided to reorganize its three downtown Seattle stores into a new, three-store "Heritage District."

PETITION FOR PRELIMINARY
INJUNCTIVE RELIEF - Page 5

Civil No. _____

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

   (i) On or about May 23, 2022, Respondent announced its decision to reorganize its three downtown Seattle stores into a "Heritage District" and informed the current staff at those three stores that they would need to re-apply for their positions.

   (j) On or about June 6, 2022, the Union filed a petition in Case 19-RC-297140 to represent Respondent's employees at Store #14870, the 1st & Pike store location.

   (k) To date, no petitions have yet been filed seeking to represent Respondent's employees at either Store #301, the Pike Place/Flagship Store, or Store #65375, the 1st & University Store.

   (l) By in or about late June/early July 2022, on specific dates better known to Respondent, Respondent:

     (i) implemented its three-store Heritage District, the first "district" comprised of so few stores and the first "district" in the country functioning as a single entity, characterized by regular interchange of employees and common management;

     (ii) failed and refused to re-hire approximately 33 of the 73 total employees previously working in the three downtown Seattle stores, including 16 of the 22 employees previously working in the petitioned-for 1st & Pike Store;

     (iii) granted raises and new benefits to the 40 employees re-hired into their positions and all other employees hired into the new Heritage District; and/or

     (iv) denied the same raises and benefits to the 33 employees it did not re-hire into the Heritage District and caused their forcible transfers or constructive discharges due to their having suffered cuts in pay and hours as a result of the forced transfers.

   (m) Respondent engaged in the conduct described above in paragraphs 12(h), 12(i), and 12(l) because employees, particularly at the 1st & Pike Store, engaged in union and/or protected,

PETITION FOR PRELIMINARY
INJUNCTIVE RELIEF - Page 6

Civil No. _____

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

concerted activities, and to discourage employees from engaging in union and/or protected, concerted activities.

(n) By the conduct described above in paragraphs 12(h), 12(i), 12(l) and 12(m), Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in § 7 of the Act, in violation of § 8(a)(1) of the Act.

(o) By the conduct described above in paragraphs 12(h), 12(i), 12(l), and 12(m), Respondent has been discriminating in regard to hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of §§ 8(a)(1) and (3) of the Act.

(p) The unfair labor practices of Respondent described above affect commerce within the meaning of §§ 2(6) and (7) of the Act.

13. The unfair labor practices of Respondent described above have taken place within this judicial district.

14. It may fairly be anticipated that, unless enjoined, Respondent will continue to repeat and/or continue the acts and conduct set forth in paragraphs 12(h), 12(i), and 12(l) through 12(p) or similar or like acts in violation of §§ 8(a)(1) and (3) of the Act.

15. Respondent's unfair labor practices, as described above in paragraphs 12(h), 12(i), and 12(l) through 12(p) are harming and, if left unremedied, will irreparably harm employees of Respondent in the exercise of the rights guaranteed them by § 7 of the Act, and have and are continuing to chill employees' support for the Union. More particularly, Respondent's unfair labor practices have caused and will cause the following harm:

(a) Respondent's consolidation of the three downtown Seattle stores into a "Heritage District" after it had learned of the organizing drive at Pike Place & 1st, but shortly before the Union filed its

PETITION FOR PRELIMINARY
INJUNCTIVE RELIEF - Page 7

Civil No. _____

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

Petition in Case 19-RC-297401, adversely impacted Union support at all of the three downtown Seattle stores and created a much higher barrier for the Union to Petition for an Election at those locations.

(b) By failing and refusing to rehire 33 of the 73 employees from the three downtown Seattle stores that Respondent combined into the Heritage District, and causing those employees to quit, transfer to other facilities, and/or to take substantially lesser pay and/or hours, Respondent's conduct continues to harm those employees.

(c) By failing and refusing to re-hire approximately 16 of the 22 employees previously working in the unionized 1st & Pike Store, Respondent not only caused the 16 employees to be out of work, but chilled employees' support for the Union at the remaining two of the three downtown Seattle stores by sending a clear message about what would happen if they unionized.

16. There is imminent danger that substantial and irreparable injury will impact Respondent's employees unless the continuation of the above-mentioned unfair labor practices is immediately restrained. A serious flouting of the Act and of public policies involved in the Act will continue, with the result that enforcement of important provisions of the Act and of public policy will be impaired before Respondent can be placed under legal restraint through the regular procedures of a Board order.  Unless injunctive relief is immediately obtained, it may fairly be anticipated that Respondent will continue its unlawful conduct during the proceedings before the Board with the result that employees will continue to be deprived of their fundamental right to engage in protected concerted activity for mutual aid or protection, a harm which cannot be remedied in due course by the Board.  It is therefore necessary, just and proper that the effects of Respondent's acts and conduct be dissipated by remedial action on the part of Respondent so that its employees can freely exercise the rights guaranteed them by the Act and their rights not be impeded, impaired or hindered

17. There is no adequate remedy at law for the harm being caused by Respondent's unfair labor

PETITION FOR PRELIMINARY
INJUNCTIVE RELIEF - Page 8

Civil No. _____

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

practices, as described above in paragraphs 14, 15, and 16.

18. Granting the temporary injunctive relief requested by Petitioner will cause no undue hardship to Respondent.

19. In balancing the equities in this matter, the harm to the employees involved herein, to the public interest, and to the purposes and policies of the Act, if the injunctive relief requested is not granted, clearly outweighs any harm that the grant of such injunctive relief will cause to Respondent.

20. Upon information and belief, to avoid the serious consequences set forth above, it is essential, just, proper, and appropriate for the purposes of effectuating the policies of the Act and avoiding substantial, irreparable, and immediate injury to such policies, to the public interest, and to the employees involved herein, and it is in accordance with the purposes of § 10(j) of the Act, that, pending final disposition of the matters presently pending before the Board, Respondent be enjoined and restrained as herein prayed.

**WHEREFORE**, Petitioner prays:

1. That this Court issue an Order directing Respondent to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why a temporary injunction should not issue enjoining and restraining Respondent, its officers, representatives, supervisors, agents, employees, attorneys, and all persons acting on its behalf or in participation with it, at Respondent's three downtown Seattle stores, from engaging in the acts and conduct described above, similar or like acts, or other conduct in violation of §§ 8(a)(1) and (3) of the Act, or repetitions thereof, and that the instant Petition be disposed of on the basis of the briefs, affidavits, and administrative records, without oral testimony, absent further order of the Court.

(a) Redistricting, transferring, or requiring employees to re-apply for positions because of their union activities;

PETITION FOR PRELIMINARY
INJUNCTIVE RELIEF - Page 9

Civil No. _____

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

      (b)     Failing to hire or re-hire employees, or discharging employees, because of their union activities;

      (c)     Discriminatorily providing or denying wage increases and benefits to employees on the basis of their union activities;

      (d)     Granting benefits, including wage increases, in order to interfere with union organizing campaigns, except that nothing herein shall be construed as requiring the Respondent to revoke any wage increase or other benefits it has granted; and

      (e)     In any other manner, cease and desist from unlawfully interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them under § 7 of the Act.

2. That the Court require Respondent to take the following affirmative action necessary to effectuate the policies of the Act:

      (a)     Within (five) 5 days following the issuance of the District Court's Injunction Order, restore business operations at the three downtown Seattle stores located at 1st and Pike, Pike Place, and 1st and University, to as they existed prior to May 6, 2022, except that nothing herein shall be construed as requiring the Respondent to revoke any wage increase or other benefits it has granted;

      (b)     Within five (5) days of the Injunction Order offer, in writing, interim reinstatement to their former pre-Heritage District positions to all employees of the three downtown Seattle stores located at 1st and Pike, Pike Place, and 1st and University, who were not selected for the Heritage District, without regard to whether the employee submitted an application for the Heritage District, or if those positions no longer exist, to a substantially equivalent position, displacing, if necessary, any employees who may have been hired or reassigned to replace them without prejudice to their seniority or any other rights or privileges they previously enjoyed;

      (c)     Within (five) 5 days of the Injunction Order, grant such wage increases and other

PETITION FOR PRELIMINARY  
INJUNCTIVE RELIEF - Page 10  

Civil No. _____

2948 Jackson Federal Bldg.  
915 Second Avenue  
Seattle, Washington  
(206) 220-6300

benefits implemented for those employees who were selected for the Heritage District in June 2022, including all subsequent wage increases and benefits granted after selection, to all such individuals who were not selected for the Heritage District who are reinstated to their former positions under the injunction;

(d) Within seven (7) days of the resumption of the Respondent's business operations as it existed prior to May 6, 2022, post physical copies of the Injunction Order setting forth the relief granted in the three downtown Seattle stores located at 1st and Pike, Pike Place, and 1st and University, in English, as well as translations in other languages as necessary to ensure effective communication to Respondent's employees as determined by the Board's Regional Director of Region 19, said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, on the bulletin board, in all breakrooms, and in all other places where Respondent typically posts notices to its employees at each of its stores, maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements, and grant all employees free and unrestricted access to said postings, and grant to agents of the Board reasonable access to each worksite to monitor compliance with this posting requirement;

(e) Within seven (7) days of the resumption of the Respondent's business operations as it existed prior to May 6, 2022, mail copies of the Injunction Order setting forth the relief granted to all employees employed at the three downtown Seattle stores located at 1st and Pike, Pike Place, and 1st and University, at any time from May 2022 through the present, and distribute electronic copies of the Injunction Order specifying the relief granted, as well as translations in other languages as necessary to ensure effective communication to Respondent's employees as determined by the Board's Regional Director of Region 19, said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, to all employees employed by Respondent at the three downtown Seattle stores located at 1st and Pike, Pike Place, and 1st and University, at any time from May 2022 through the present, via email, text

PETITION FOR PRELIMINARY
INJUNCTIVE RELIEF - Page 11

Civil No. _____

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

1  message, and all intranet or internet sites or applications, including Partner Hub, that Respondent uses to
2  communicate with employees.

3    (f) Within seven (7) days of the resumption of the Respondent's business operations
4  as it existed prior to May 6, 2022, convene one or more mandatory meetings, on working time and at times
5  when Respondent customarily holds employee meetings and scheduled to ensure the widest possible
6  attendance, at Respondent's three downtown Seattle stores located at 1st and Pike, Pike Place, and 1st and
7  University, during which the Injunction Order specifying the relief granted will be read to the employees by
8  the Store Manager or a responsible Respondent official in the presence of a Board agent, or at Respondent's
9  option, by a Board agent in the presence of the Store Manager.  Respondent shall also afford the Union,
10 through the Regional Director, reasonable notice and opportunity to have a representative present when this
11 Order is read to employees.  Interpreters shall be made available for any individual whose language of fluency
12 is other than English at Respondent's expense.  Respondent shall announce the meeting(s) for the Injunction
13 Order reading in the same manner it would customarily announce a meeting to employees; the meeting(s)
14 shall be for the above-stated purpose only.  Individuals unable to attend the meeting to which they have been
15 assigned will be able to attend a subsequent meeting during which the same reading shall take place under
16 the same conditions.  Respondent shall allow all employees to attend these meetings without penalty or
17 adverse employment consequences, either financial or otherwise; and

18   (g) Within twenty-one (21) days of the issuance of the Injunction Order, file with the
19 District Court and submit a copy to the Regional Director of Region 19 of the Board, a sworn affidavit from a
20 responsible official of Respondent setting forth, with specificity, the manner in which Respondent has
21 complied with the terms of the Injunction Order, including how it has posted the documents required by the
22 Court's decree, including how and where the documents have been posted, and the date(s), time(s), and
23 location(s) that the Injunction Order specifying the relief granted was read to employees and by whom, as

PETITION FOR PRELIMINARY  
INJUNCTIVE RELIEF - Page 12  

Civil No. _____

2948 Jackson Federal Bldg.  
915 Second Avenue  
Seattle, Washington  
(206) 220-6300

required by the Court.

3. That upon the return of the Order to Show Cause, the Court issue an Order enjoining and restraining Respondent in the manner set forth above.

4. That the Court grant such other and further relief as may be just and proper.

**DATED** at Seattle, Washington this 6th day of July, 2023.

/s/ Anne P. Pomerantz
/s/ Kristin E. White
/s/ Sarah McBride
Anne P. Pomerantz, CA Bar 204059; NY Bar 2398428
Kristin E. White, PA Bar 319046
Sarah McBride, CA Bar 268865
National Labor Relations Board
915 2nd Ave, Suite 2948
Seattle, WA 98174
Telephone (206) 220-6301
Fax: (206) 220-6305
Email: Anne.Pomerantz@nlrb.gov
Email: Kristin.White@nlrb.gov
Email: Sarah.McBride@nlrb.gov

Counsel for Petitioner

I certify that this memorandum contains 3477 words, in compliance with the Local Civil Rules.

PETITION FOR PRELIMINARY
INJUNCTIVE RELIEF - Page 13

Civil No. _____

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300