HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD K. HOOKS, Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>STARBUCKS CORPORATION<br><br>Respondent. | Civil No. 2:23-cv-01000-LK<br><br>MOTION FOR AND MEMORANDUM IN SUPPORT OF AN EXPEDITED HEARING, TO ADJUDICATE PETITION ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS, DOCUMENTARY EVIDENCE, AND FOR AN ORDER GOVERNING REQUESTS FOR EXPEDITED DISCOVERY<br><br>NOTE ON MOTION CALENDAR JULY 28, 2023 |

ANNE P. POMERANTZ, Regional Attorney, Region 19
KRISTIN E. WHITE, Attorney, Region 19
SARAH MCBRIDE, Attorney, Region 19

NATIONAL LABOR RELATIONS BOARD, Region 19
915 Second Avenue, Room 2948
Seattle, Washington 98174, Telephone: (206) 220-6300

MOTION AND MEMO IN SUPPORT OF EXPEDITED ADJUDICATION AND RELIANCE ON AFFIDAVITS TRANSCRIPTS, AND DOCUMENTARY EVIDENCE
Civil No. 2:23-cv-01000-LK

Page 1

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

Petitioner Ronald K. Hooks ("Petitioner"), the Regional Director for Region 19 of the National Labor Relations Board ("NLRB," "Agency," or "Board"), having initiated this action to enjoin certain conduct of Respondent Starbucks Corporation ("Starbucks" or "Respondent") that violates the National Labor Relations Act ("NLRA" or "Act") and frustrates its remedial purposes, moves this Court for an order to expedite these proceedings, adjudicate this matter on affidavit and documentary evidence, and for an order governing requests for expedited discovery. As discussed below, the relief requested is necessary and appropriate to prevent remedial failure and effectuate the policies and purposes of the Act.

## I. THE PETITION WARRANTS EXPEDITED TREATMENT

The Federal Courts Civil Priorities Act ("FCCPA") requires courts to ". . . expedite the consideration of . . . any action for temporary or preliminary injunctive relief." 28 U.S.C. § 1657(a). Based upon the priorities established by the FCCPA, this matter warrants expedited treatment. *See e.g. Aguayo v. S. Coast Refuse Corp.*, CASE NO. CV 99-3053 AHM (AIJx), 2000 U.S. Dist. LEXIS 6957 (C.D. Cal. Feb. 29, 2000). Courts have also recognized that the very nature of § 10(j) cases qualifies them for expedited treatment independent of any statutory priority. The statue itself states:

> The Board shall have power, upon issuance of a complaint as provided in subsection (b) [of this section] charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such a person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction

MOTION AND MEMO IN SUPPORT OF EXPEDITED ADJUDICATION AND RELIANCE ON AFFIDAVITS TRANSCRIPTS, AND DOCUMENTARY EVIDENCE
Civil No. 2:23-cv-01000-LK

Page 2

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

to grant to the Board such temporary relief or restraining order as it deems just and proper. 29 U.S.C. § 160(j).

Among other things, this means that there is neither a requirement nor expectation that an administrative hearing take place before an injunction request may be ruled upon. *See, e.g., Kaynard v. MMIC, Inc.*, 734 F.2d 950, 954 (2d Cir. 1984) (Congress intended § 10(j) as a "swift interim remedy to halt unfair labor practices."); *Fuchs v. Hood Industries, Inc.*, 590 F.2d 305 (1st Cir. 1979). Section 10(j) petitions, such as in the instant case, must be granted priority status because the very nature of these proceedings dictates expeditious judicial consideration. *See Small v. Avanti Health Sys.*, 661 F.3d 1180, 1193 (9th Cir. 2011). Absent interim relief, Respondent may accomplish or cement their unlawful objectives before being placed under any legal restraint and thereby render a final Board order ineffectual. *See Kreisberg v. HealthBridge Mgt., LLC*, 732 F.3d 131, 143 (2d Cir. 2013); *Arlook v. S. Lichtenberg & Co., Inc.*, 952 F.2d 367, 371 (11th Cir. 1992); *Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1188 (5th Cir. 1975), *reh'g en banc den'd*, 521 F.2d 795, *cert. denied* 426 U.S. 934 (1976).

As detailed in the Petition and Memorandum of Points and Authorities in Support of the Petition ("Memorandum"), Respondent will continue to violate the Act by, *inter alia*, maintaining the structure of the newly created Heritage District, failing to instate or reinstate the former employees of the three downtown Seattle stores who were forced to choose between a transfer and resignation when Respondent created the Heritage District in response to union organizing by Workers United Labor Union International, affiliated with the Service Employees International Union ("Union"), and continuing the wage-and-benefit penalties employees suffered from being forced to transfer or resign. These ongoing realities will continue to cause harm to its employees and undermine any remaining support for the Union within the three downtown Seattle stores comprising the Heritage District (as well as throughout the Seattle area), so that by the time the Board

MOTION AND MEMO IN SUPPORT OF EXPEDITED ADJUDICATION AND RELIANCE ON AFFIDAVITS TRANSCRIPTS, AND DOCUMENTARY EVIDENCE
Civil No. 2:23-cv-01000-LK

Page 3

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

issues an Order, support for the Union may be irretrievably lost and the displaced employees will be increasingly unlikely to resume their prior employment.

## II. IT IS MOST APPROPRIATE TO PROCEED BASED ON AFFIDAVITS AND EXHIBITS

Petitioner moves to expedite this proceeding and conserve the resources of this Court and the parties. It is well settled that district courts in proceedings under § 10(j) of the Act are not called upon to make final determinations on the merits of the unfair labor practice charges, but should only evaluate the evidence to determine whether the Regional Director has established a likelihood of success on the merits. *Gottfried v. Samuel Frankel*, 818 F.2d 485, 493 (6th Cir. 1987); *Aguayo v. Tomco Carburetor, Inc.*, 853 F.2d 744, 748 (9th Cir. 1988). In the 9th Circuit, district courts rely on "traditional equitable criteria through the prism of the underlying purpose of § 10(j)." *Frankl v. HTH Corp.*, 650 F.3d 1334 (9th Cir. 2011), *cert. den'd*, 132 U.S. 1821 (2012), citing *Scott v. Stephen Dunn & Assocs.*, 241 F.3d 652, 660 (9th Cir. 2001) (abrogated on other grounds as recognized by *McDermott v. Ampersand Publ'g, LLC*, 593 F.3d 950, 957 (9th Cir. 2010)). Thus, to obtain a preliminary injunction, the Petitioner must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the Board's favor, and (4) that an injunction is in the public interest. *Frankl,* 650 F.3d at 1355 (citing *Winter v. NRDC, Inc.),* 555 U.S. 7, 129 S. Ct. 365, 374 (2008)). These elements are evaluated on a "sliding scale" in which the required showing of likelihood of success decreases as the showing of irreparable harm increases. *See Alliance for the Wild Rockies v. Cotrell,* 632 F.3d 1127, 1131-34 (9th Cir. 2011).

It is well settled that in such preliminary proceedings, courts should give the Petitioner's position the "benefit of the doubt," and accept the reasonable inferences he draws if they are "within the range of rationality." *Seeler v. The Trading Port, Inc.,* 517 F.2d 33, 36-37 (2d Cir. 1975) (§ 10(j)); *Squillacote v. Graphic Arts Int'l. Union*, 540 F.2d 853, 858-59 (7th Cir. 1976) (§ 10(l)). In view of the Petitioner's "relatively

MOTION AND MEMO IN SUPPORT OF EXPEDITED
ADJUDICATION AND RELIANCE ON AFFIDAVITS
TRANSCRIPTS, AND DOCUMENTARY EVIDENCE
Civil No. 2:23-cv-01000-LK

Page 4

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

insubstantial burden of proof," it is not necessary for a district court to hold a full evidentiary hearing to enable it to conclude whether "reasonable cause" has been established. *See Gottfried*, 818 F.2d at 493-94. Petitioner respectfully submits that the pleadings, witness affidavits, and documentary evidence contain ample evidence upon which this Court can determine whether Petitioner can carry his modest burden. *Kobell v. Suburban Lines, Inc.*, 731 F.2d 1076, I084 (3d Cir. 1984); *Levine v. C & W Mining Co.*, 610 F.2d 432, 435 (6th Cir. 1979); *Gottfried*, 818 F.2d at 493; *Aguayo,* 853 F.2d at 748.

Further, this Court is not called upon to resolve disputed issues of fact or the credibility of witnesses; that function is reserved exclusively for the Board in the underlying administrative proceeding. *See Arlook*, 952 F.2d at 372-373; *Gottfried*, 818 F.2d at 494 (attack on credibility of Board's witnesses only establishes conflict in the evidence); *NLRB v. Electro-Voice, Inc.,* 83 F.3d 1559, 1570-71 (7th Cir. 1996). Therefore, an evidentiary hearing would not assist this Court in deciding whether Petitioner had reasonable cause to believe that Respondent violated the Act. *Kaynard v. Mego Corp.*, 633 F.2d 1026, 1032-33 (2d Cir. 1980); *Gottfried*, 818 F.2d at 493.

In fact, there is nothing in the texts of §§ 10(j) and 10(l) that mandate oral testimony in these types of court proceedings, and such procedures do not deny a fair hearing or due process to the Respondent. *See Aguayo*, 853 F.2d at 750-51; *Asseo v. Pan American Grain Co.,* 805 F.2d 23, 25-26 (1st Cir. 1986); *Gottfried*, 818 F.2d at 493; *Squillacote*, 540 F.2d at 860; *Kennedy,* 443 F.2d at 630; *San Francisco-Oakland Newspaper Guild*, 412 F.2d at 546. As follows that proposition, district courts properly make "reasonable cause" determinations in § 10(j) cases based solely on affidavits, documentary evidence, and transcripts. *See Aguayo*, 853 F.2d 744, 750-51 (9th Cir. 1988); *Squillacote,* 540 F.2d at 860. *Accord Sharp v. Webco Industries Inc.,* 225 F.3d 1130, 1134 (10th Cir. 2000) (affidavits); *Gottfried*, 818 F.2d at 493 (combination of affidavits and transcript of proceeding before an administrative law judge); *San Francisco-Oakland*

MOTION AND MEMO IN SUPPORT OF EXPEDITED ADJUDICATION AND RELIANCE ON AFFIDAVITS TRANSCRIPTS, AND DOCUMENTARY EVIDENCE
Civil No. 2:23-cv-01000-LK

Page 5

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

*Newspaper Guild*, 412 F.2d at 546 (affidavits); *Kennedy v. Teamsters, Local 542*, 443 F.2d 627, 630 (9th Cir. 1971) (same); *Squillacote v. Automobile, Aerospace & Agricultural Implement Workers,* 383 F. Supp. 491, 493 (E.D. Wis. 1974) (same); *Johnston v. J.P. Stevens & Co., Inc.*, 341 F.2d 891 (4th Cir. 1965); *U.S. v. Wilson Williams, Inc.*, 277 F.2d 535 (2d Cir. 1960); *F.T.C. v. Rhodes Pharmacal Co.*, 191 F.2d 744 (7th Cir. 1951). And, neither Rule 43(e) nor Rule 65 of the Federal Rules of Civil Procedure requires oral testimony in this type of statutory temporary injunctive proceeding. *Kennedy v. Sheet Metal Workers Int'l Ass'n Local 108*, 289 F. Supp. 65, 87-91 (C.D. Cal. 1968); *Gottfried*, 818 F.2d at 493.

In short, injunctive relief is "just and proper" under § 10(j) "whenever the facts demonstrate that, without such relief, any final order of the Board will be meaningless or so devoid of force that the remedial purposes of the [NLRA] will be frustrated." *NLRB v. Hartman and Tyner, Inc.*, 714 F.3d 1244, 1250 (11th Cir. 2013). Accordingly, Petitioner urges the Court to grant its motion to utilize affidavits and documentary evidence to determine whether the Regional Director had reasonable cause to believe that Respondent violated the Act and whether such relief is "just and proper." If this Court deems oral argument on the "just and proper" issue necessary, Petitioner requests an expedited hearing, but discovery, regardless of type, remains unnecessary.

## III. DISCOVERY AT ALL, EVEN EXPEDITED DISCOVERY, IS NOT APPROPRIATE IN A 10(j) PROCEEDING

Standard discovery procedures typical to ordinary civil litigation, involving initial disclosures and open-ended discovery in preparation for a trial on the merits (*see* Fed. R. Civ. P. 26) are not available in § 10(j) proceedings. *See generally Wilson v. Jersey Shore Steel Co.*, No. 4:20-CV-00524, 2020 WL 2064146 at *2 n.6 (M.D. Pa. 2020) (denying both a hearing and discovery); *Kreisberg v. HealthBridge Mgt., LLC*, No. 3:12–CV–1299, 2012 WL 6553103 at *5 n.8 (D. Conn. 2012), *aff'd* 732 F.3d 131 (2d Cir. 2013) (denying employer's discovery requests); *Mattina v. Kingsbridge Heights Rehab. and Care Ctr.*, 329 F.App'x 319, 323

MOTION AND MEMO IN SUPPORT OF EXPEDITED ADJUDICATION AND RELIANCE ON AFFIDAVITS TRANSCRIPTS, AND DOCUMENTARY EVIDENCE
Civil No. 2:23-cv-01000-LK
Page 6
2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

(2d Cir. 2009) (the district court did not abuse its discretion in denying employer's discovery requests) *affirming* 2008 WL 3833949 (S.D.N.Y. 2008); *Dunbar v. Landis Plastics, Inc.,* 977 F. Supp. 169, 176 (N.D.N.Y. 1997), *reconsideration den'd*, 996 F. Supp. 174, 177-79 (N.D.N.Y. 1998) (neither discovery nor an evidentiary hearing were necessary, given the "extensive affidavit evidence" and that the injunctive relief sought "would not be especially burdensome"), *rem. on other grounds*, 152 F.3d 917 (2d Cir. 1998) (unpublished table decision). Instead, at most, limited expedited discovery is only available with leave of the Court in exceptional circumstances. For reasons discussed below, discovery should not be permitted here, or if permitted, must be narrowly tailored to obtain specific identifiable information in the least burdensome manner possible.

**A. LEGAL FRAMEWORK FOR EVALUATING EXPEDITED DISCOVERY REQUESTS**

As a general proposition, "expedited discovery should be granted only in exceptional instances." *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021). *See also Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 521 (E.D. Wis. 2007); *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004). The primary purpose of expedited discovery is to allow a party to obtain "specific, limited, and identifiable pieces of information," particularly when there is some risk of spoliation or when the suit cannot reasonably proceed without the information. *Mullane*, 339 F.R.D. at 663. *See also Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021). However, expedited discovery "is not the norm." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000).

The party requesting expedited discovery has the burden of demonstrating, at a minimum, that requests are "reasonable" and supported by "good cause." *R.R. Donnelley & Sons Co. v. Marino*, 505 F. Supp. 3d 194, 210 (W.D.N.Y. 2020). *See ELargo Holdings, LLC v. Doe*, 318 F.R.D. 58, 61 (M.D. La. 2016); *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011). Courts evaluating the "reasonableness" of an expedited discovery request for "good cause" will consider: (1) whether a preliminary

MOTION AND MEMO IN SUPPORT OF EXPEDITED ADJUDICATION AND RELIANCE ON AFFIDAVITS TRANSCRIPTS, AND DOCUMENTARY EVIDENCE
Civil No. 2:23-cv-01000-LK

Page 7

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

injunction motion is pending, or another legally cognizable urgency exists; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden of complying with the requests; and (5) how far in advance of the typical discovery process the request was made. *See* 6 Moore's Federal Practice - Civil § 26.121 (2023). The Court should also examine "burdens associated with the expedited discovery in comparison to the potential injury to the moving party in the absence of expedited discovery" as well as the reasonableness of that request in the broader context. *R.R. Donnelley*, 505 F. Supp. 3d at 210. *Merrill Lynch*, 194 F.R.D. at 624.

**B. DISCOVERY, EVEN EXPEDITED, IS NOT REASONABLE HERE**

The nature of this proceeding alters the application of the usual "good cause" factors for expedited discovery; these factors and additional ones advise against discovery, even if expedited, based on the facts of this case. Although § 10(j) relief is somewhat analogous to a preliminary injunction, unlike injunctions sought by private parties, a § 10(j) petition comes before the Court supported by the Agency's full evidentiary findings after an extensive investigation in which Respondent participates. *See* Petition and Memorandum in Support in this matter. And, as discussed earlier in this document, the Court's factfinding role is limited. Accordingly, the typical discovery process in a civil action (referenced in the fifth "good cause" factor), where the Court would ultimately be deciding the merits, does not attach to this proceeding.

As discussed below, pre-hearing discovery is not permitted in NLRB administrative proceedings that will result in a final judgment. Moreover, the "legally cognizable urgency" in § 10(j) proceedings counsels against inviting protracted disputes regarding the scope and burden of discovery requests, redactions, privilege or other confidentiality interests. Recent experience has shown that allowing such discovery requests to proceed confounds, rather than aids, the "just, speedy, and inexpensive determination" (Fed. R. Civ. P. 1) of § 10(j) proceedings, where prompt action is the entire purpose. *See In re Workers United*, No.

MOTION AND MEMO IN SUPPORT OF EXPEDITED ADJUDICATION AND RELIANCE ON AFFIDAVITS TRANSCRIPTS, AND DOCUMENTARY EVIDENCE
Civil No. 2:23-cv-01000-LK

Page 8

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

22-3229 (2d Cir., petition filed Nov. 29, 2022) (subpoenaed employees and union, asserting confidentiality interests and improper retaliatory purposes, filed mandamus petition regarding district court-enforced employer discovery requests; these actions have halted the § 10(j) proceeding).

Beyond the burden of delay, the burdens attendant to discovery requests themselves in a § 10(j) proceeding disproportionately fall on non-parties, because the Agency already provides its supporting evidence to the court when it initiates the proceeding; there will be little, if anything, else it could produce. Courts give special consideration to burdens on non-parties imposed by discovery. "Non-parties have a different set of expectations" in discovery. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998); *see Socol v. Haas,* No. 3:18-cv-00090, 2021 U.S. Dist. LEXIS 118981, at *10 (W.D. Va. June 25, 2021) ("the standard of review for a nonparty subpoena is higher than that used to assess discovery requests to litigants"). Accordingly, "courts must give [a discovery] recipient's nonparty status special weight, leading to an even more demanding and sensitive inquiry than the one governing discovery generally." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (quotation marks omitted). . And, courts must also consider the "size of and resources available to the responding party." *United States v. Int'l Bus. Machs. Corp.* 83 F.R.D. 97, 104, n.14 (S.D.N.Y. 1979).

Here, discovery could potentially be directed to the Union as well as individual unrepresented employees who may engage in conduct protected by the NLRA. The burdens of such requests are not merely logistical, but also include interference with statutorily protected public rights of employees to engage in self-organization and concerted labor activity with some assurance of confidentiality. "It is well settled that [the NLRA] gives employees the right to keep confidential their union activities." *United Nurses Ass'ns of Cal./Union of Health Care Professionals, NUHHCE, AFSCME v. NLRB*, 871 F.3d 767, 785 (9th Cir. 2017); *Veritas Health Servs. v. NLRB*, 441, 671 F.3d 1267, 1274 (D.C. Cir. 2012). *See Guess?, Inc.*, 339 NLRB 432,

434-35 & n.8 (2003) (finding, in the context of state-court discovery seeking information about union meeting attendance, that "employees are guaranteed a certain degree of assurance that their § 7 activities will be kept confidential, if they so desire").

Attempts by an employer to gain access to communications between employees, or shared between employees and their union, including union authorization or membership cards, are unlawful because it would "subject employees' § 7 [self-organization] activities to unwarranted investigation and interrogation." *Chino Valley Med. Ctr.*, 362 NLRB 283, 285 & n.1 (2015). Invasion of confidentiality interests is a "burden," and such confidentiality interests are not limited to evidentiary privileges, and the court should also consider burdens on public and governmental interests in its discovery analysis. *Jordan*, 921 F.3d at 184, 190-92. A court should thus not confine discovery considerations "to the interests of the individuals before it" because doing so may imperil "important public purposes." *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 564 (5th Cir. 2016).

### C. EXPEDITED DISCOVERY, IF ALLOWED AT ALL, MUST BE NARROWLY TAILORED AND FOR A PROPER PURPOSE

Although the Agency maintains that any discovery, including expedited discovery, is inappropriate here, under the "good cause" standards discussed above, any discovery requests must be "narrowly tailored" to the purpose of the request and seek "specific, limited, and identifiable pieces of information." *Mullane*, 339 F.R.D. at 663. *See St. Louis Grp., Inc.*, 275 F.R.D. at 240. Thus, the second, third, and fourth factors relating to "good cause" (the breadth of the discovery requests, purpose for the request, and burden of compliance) must be evaluated after proposed requests have been submitted for the Court's approval. *See Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 730-31 (S.D.N.Y. 1996) ("courts generally deny motions for expedited discovery when the movant's discovery requests are overly broad").

MOTION AND MEMO IN SUPPORT OF EXPEDITED
ADJUDICATION AND RELIANCE ON AFFIDAVITS
TRANSCRIPTS, AND DOCUMENTARY EVIDENCE
Civil No. 2:23-cv-01000-LK

Page 10

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

Here, the administrative trial is scheduled for December 12, 2023, and expedited discovery should not be permitted where it would serve to inhibit exercise of employee rights or circumvent the prohibition against pre-hearing discovery in NLRB administrative trials. The policy against pre-hearing discovery is rooted in the "peculiar character of labor litigation" where "witnesses are especially likely to be inhibited by fear of the employer's or—in some cases—the union's capacity for reprisal and harassment." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 240 (1978). Accordingly, the Court should vigilantly guard against burdensome discovery that could have to purpose or effect of gaining improper advantages (either in litigation before the NLRB or a campaign against the Union) or inhibiting exercise of employee rights. Any expedited discovery allowed should be accompanied by robust protections for confidential information and be conducted in the least burdensome manner possible to achieve its purposes.

## IV. CONCLUSION

Petitioner therefore respectfully requests that the Court grant Petitioner's Motion to Shorten Time and for an Expedited Hearing and to Determine Petition on the Basis of Affidavits and Documentary Evidence, and issue the proposed Order submitted herewith, in order to avoid frustration of the policies and remedial purposes of the Act.

Dated at Seattle, Washington, this 12th day of July, 2023.

Presented by:

/s/ Anne Pomerantz
/s/ Kristin E. White
/s/ Sarah McBride
Anne P. Pomerantz, CA Bar 204059; NY Bar 2398428
Kristin E. White, PA Bar 319046
Sarah McBride, CA Bar 268865
National Labor Relations Board
915 2nd Ave, Suite 2948
Seattle, WA 98174

MOTION AND MEMO IN SUPPORT OF EXPEDITED ADJUDICATION AND RELIANCE ON AFFIDAVITS TRANSCRIPTS, AND DOCUMENTARY EVIDENCE
Civil No. 2:23-cv-01000-LK
Page 11
2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

Telephone (206) 220-6300
Fax: (206) 220-6305
Email: Anne.Pomerantz@nlrb.gov
Email: Kristin.White@nlrb.gov
Email: Sarah.McBride@nlrb.gov

Counsel for Petitioner

I certify that this memorandum contains 3280 words, in compliance with the Local Civil Rules.

MOTION AND MEMO IN SUPPORT OF EXPEDITED ADJUDICATION AND RELIANCE ON AFFIDAVITS TRANSCRIPTS, AND DOCUMENTARY EVIDENCE
Civil No. 2:23-cv-01000-LK

Page 12

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300