1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Lauren King

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

RONALD J. HOOKS, Regional Director of the
Nineteenth Region of the National Labor
Relations Board, for and on behalf of the
NATIONAL LABOR RELATIONS BOARD,

Petitioner,

v.

STARBUCKS CORPORATION,

Respondent.

Case No. 2:23-cv-01000-LK

**OPPOSITION TO PETITIONER'S
MOTION FOR AN EXPEDITED
HEARING, TO ADJUDICATE ON
THE BASIS OF AFFIDAVITS,
TRANSCRIPTS, AND
DOCUMENTARY EVIDENCE, AND
FOR AN ORDER GOVERNING
EXPEDITED DISCOVERY AND
RESPONDENT'S MOTION FOR
EXPEDITED DISCOVERY AND AN
EVIDENTIARY HEARING AND
MEMORANDUM IN SUPPORT**

## I.    INTRODUCTION

Respondent Starbucks Corporation ("Starbucks") respectfully opposes Petitioner's Motion
for an Expedited Hearing, To Adjudicate On The Basis Of Affidavits, Transcripts, And
Documentary Evidence, and further moves the Court for an order establishing an expedited
discovery schedule pursuant to Rule 26 of the Federal Rules of Civil Procedure, and scheduling an
evidentiary hearing after the close of discovery to determine whether Petitioner is able to establish
entitlement to a preliminary injunction pursuant to the elements set forth in Section 10(j) of the

**OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO
ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND
DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED
DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED
DISCOVERY AND EVIDENTIARY HEARING - 1
CASE NO. 2:23-CV-01000-JK**

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1  National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(j), and *Winter v. Natural Res. Def.*
2  *Council, Inc.*, 555 U.S. 7 (2008). The grounds for this motion follow.

3        This is a Section 10(j) case. The National Labor Relations Board ("NLRB"), by the Regional
4  Director of Region 19 of the NLRB ("Regional Director" or "Petitioner"), is seeking an
5  extraordinary remedy – a preliminary injunction under Section 10(j).

6        At issue is Starbucks' decision, announced in May 2022, more than a year ago, to implement
7  the "Heritage Market" (or "Heritage District"). Briefly summarized, this involved, among other
8  things, realigning three legacy stores, located at 1912 Pike Place, Seattle, Washington (the "Pike
9  Place store"), 102 Pike Street, Seattle, Washington (the "1st & Pike" store), and 1305 1st Avenue,
10 Seattle, Washington (the "1st & University store"), into a single administrative district, and
11 interviewing, hiring, and training hourly baristas and shift supervisors to work there. These stores
12 were chosen based upon their historical, special brand ambassadorship to Starbucks, following group
13 meetings with the hourly baristas and shift supervisors in April 2022.  During the group meetings,
14 employees shared that they were interested in things like: elevating the partner and customer
15 experience at the Pike Place store, including hosting immersive experiences with the broader
16 community; partnering with the Pike Place community; volunteering; receiving additional training
17 focused on Starbucks' culture; and being able to answer customer questions that are not typically
18 asked outside the three stores.

19       Based upon this feedback, which was shared across multiple group meetings, and business
20 considerations, Starbucks realigned the stores to create the Heritage Market, and renamed the stores:
21 "Pike Place – Heritage Market," "1st & Pike – Heritage Market," and "1st & University – Heritage
22 Market."  Starbucks increased the training and responsibilities of the hourly baristas and shift
23 supervisors in the Heritage Market and offered an increased wage rate to reflect the increase in
24 responsibilities. Starbucks' hourly baristas and shift supervisors were invited to apply for the new
25 Heritage Market positions. Employees who were then employed at one of the three legacy stores and

26  **OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO
ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND
DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED
DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED
DISCOVERY AND EVIDENTIARY HEARING - 2**
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1  not selected for a position within the Heritage Market, or who opted not to apply for a position, were

2  allowed to transfer to a different store outside the Heritage Market. Of the 22 hourly baristas and

3  shift supervisors employed at 1st & Pike, 12 applied to 1st & Pike – Heritage Market and 6 received

4  offers. Of the 14 hourly baristas and shift supervisors at 1st & University, 5 applied to 1st &

5  University – Heritage Market and 5 received offers. Of the approximately 39 hourly baristas and

6  shift supervisors at Pike Place, 35 applied to Pike Place – Heritage Market, and 34 received offers.

7  Undermining Petitioner's theory of the case, Starbucks offered new positions to union supporters

8  and offered transfers to others.

9        On June 6, 2022, Workers United filed a representation petition in NLRB case number 19-

10  RC-297140 (the "representation case") seeking to represent the hourly baristas and shift supervisors

11  at 1st & Pike – Heritage Market. On June 21, 2022, the aforementioned employment offers were

12  extended. That same day, 1st & Pike – Heritage Market and 1st & University – Heritage Market

13  closed to facilitate the staffing and training of the Heritage Market. Prior to the representation

14  petition's being filed with the NLRB, the decision makers responsible for implementing Heritage

15  Market were not aware of union activity occurring at the Heritage Market stores.

16        On November 3, 2022, the Regional Director of Region 19, i.e., Petitioner here, dismissed

17  the representation petition following a hearing before an NLRB Field Attorney (aka "a hearing

18  officer") on whether the petitioned-for unit was appropriate for the purposes of collective

19  bargaining.[1] In his written Decision and Order, Regional Director Hooks held that a proper unit

20  determination could not be made because 1st & Pike was closed, and when it reopens it will be

21  merged into the three store Heritage Market. Therefore, he continued, "any attempt to gauge its

22  appropriateness now would be speculatory at best" and that it was "inappropriate to process the

23  [petition] at this time."

24

25  [1] This is a reference to 29 U.S.C. § 159(b), which authorizes the NLRB to determine in each case
whether a petitioned-for unit of employees is appropriate for the purposes of collective bargaining.

26  **OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO
ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND
DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED
DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED
DISCOVERY AND EVIDENTIARY HEARING** - 3
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1   None of the alleged conduct by Starbucks is *per se* unlawful. Petitioner attempts to concoct

2   a violation by speculating that Starbucks was unlawfully motivated, and seeks to advance his case

3   through untested affidavits riddled with hearsay and conjecture.  Petitioner does so before an

4   administrative hearing has been held on the merits of the unfair labor practice allegations.  Instead,

5   he attempts to substitute a different type of administrative record – the record from the hearing in

6   the representation case, which tested the appropriateness of the petitioned-for bargaining unit and

7   other issues related to an election.  But this is not the same thing as a hearing testing the merits of

8   the unfair labor practice allegations.  Underscoring that point is the fact that in the representation

9   case, *Petitioner* expressly excluded from the administrative record all evidence relating to Starbucks'

10  motivation for implementing the Heritage Market – a key element to his 10(j) case that he needs to

11  establish "likelihood of success on the merits."  Further, at the hearing in the representation case, no

12  evidence was offered concerning any alleged "chilling effect" on union support or whether an

13  injunction is "just and proper." The affidavits he tries to substitute for such testimony are not reliable

14  evidence, nor do they tell the whole story.

15  Likely attempting to cover for these shortcomings, Petitioner claims that the urgent nature of

16  Section 10(j) interim injunctive relief makes it inappropriate to conduct discovery or even hold an

17  evidentiary hearing. Yet, there is no way to square this argument with his actions, which bely any

18  sense of urgency, including his waiting more than a year to file this action and then waiting to

19  schedule the underlying unfair labor practice hearing until December 2023, even though Petitioner

20  controls the scheduling docket.

21  Rather, Petitioner resists discovery in this matter for a much more basic and self-serving

22  reason – he does not want to expose his witnesses and affidavits to the sunlight of document

23  production and the crucible of cross-examination in federal court where the Federal Rules of Civil

24  Procedure and Federal Rules of Evidence apply. In fact, discovery in *Overstreet v. Starbucks Corp.*,

25  2:22-cv-00676-JTT (Dist. of Ariz. June 8, 2022), another Section 10(j) case, revealed the NLRB's

26  
**OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED DISCOVERY AND EVIDENTIARY HEARING - 4**

CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    entire case, including the affidavits, to be a sham. The district court properly dismissed the petition

2    in its entirety. As the district court aptly noted when granting Respondent's request for discovery

3    and an evidentiary hearing in *Overstreet v. Starbucks Corp.*, "I will not be a party to a railroading."

4    *See, Overstreet v. Starbucks Corp*, Dkt. 19, p. 21, (Tuchi, J.)

5          Employing some additional sleight of hand, and urging the court to grant Section 10(j) relief

6    strictly on Petitioner's exhibits and with no evidentiary hearing, Petitioner now invites this court to

7    be party to a railroading. Petitioner's sleight of hand is reflected by his mischaracterizing in his

8    Memorandum (Doc. 11, pp. 3-5) the bar for establishing entitlement to the extraordinary remedy of

9    interim injunctive relief without discovery or a hearing by importing 10(j) case law from circuits,

10   unlike the Ninth Circuit, that do not apply *Winter*.  Further, Petitioner improperly relies on cases that

11   involved complete administrative records on the merits of the unfair labor practice allegations that

12   were the subject of the petition and on which the district court could rely, unlike here.  Petitioner

13   also erroneously argues that expedited discovery "is not the norm," but then cites cases that do not

14   involve Section 10(j) relief or even motions for a preliminary injunction. Indeed, Petitioner's own

15   citations prove that full discovery is the "norm," and that expedited discovery is appropriate in

16   injunction proceedings, like this one.  *See, e.g.*, *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla.

17   2021) ("Because of the expedited nature of injunctive proceedings, expedited discovery is more

18   likely to be appropriate when a plaintiff is seeking a preliminary injunction."), citing *Ellsworth*

19   *Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996).

20         In granting district courts the exclusive authority to determine whether Section 10(j) relief is

21   "just and proper," Congress contemplated that the district court would exercise judgment in making

22   that decision, not simply rubber stamp the NLRB's requests.  For that reason, and because Section

23   10(j) cases are subject to the Federal Rules of Civil Procedure and Federal Rules of Evidence,

24   discovery is the norm, not the exception. The NLRB even begrudgingly admits this fact in its Section

25   10(j) discovery manual.

26   **OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO
     ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND
     DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED
     DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED
     DISCOVERY AND EVIDENTIARY HEARING - 5**
     CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    Reasonable discovery in this case, at a minimum, encompasses Starbucks' seeking

2 documents and depositions to counter the thin and inherently unreliable hearsay statements in the

3 self-serving affidavits, which were gathered by Petitioner and supplied by organizers and agents of

4 Workers United. In particular, discovery is needed to test Petitioner's assertion that the employees

5 who were "displaced" from the legacy 1st & Pike store were likely to have voted for Workers United

6 and that the alleged unfair labor practice had a "chilling" impact on protected activity under the

7 NLRA. Indeed, there are a host of reasons why employees lose interest in a union, and any alleged

8 chill, to the extent it is present, is likely attributable to something other than alleged unlawful conduct

9 by Starbucks. Discovery is also necessary to determine why some of the alleged "displaced"

10 employees did not apply to Heritage Market. For instance, some employees planned to transfer out

11 of 1st & Pike, or to resign from Starbucks altogether, for reasons unrelated to alleged unlawful

12 activity. Additionally, some employees may have been instructed by Workers United or its agents

13 not to submit applications to Heritage Market to attempt to further its purposes related to the

14 underlying unfair labor practice charge.

15    Lastly, Starbucks seeks discovery from Petitioner relating to three subjects. The first area

16 involves the facts, not matters concerning the Board's deliberative process, surrounding and leading

17 up to the decision by the Board to authorize the filing of the Petition.

18    The second area is in some respects tied to the first area and involves the Board's (a) nearly

19 14-month delay from the date Starbucks announced the implementation of the Heritage Market to

20 its filing this Section 10(j) petition, and (b) the 18-month delay from the filing of the first unfair

21 labor practice charge to the scheduling of the administrative hearing in December 2023.

22    The third and final area involves the portions of the Board's prayer for relief requesting that

23 the Court issue an order rescinding establishment of the Heritage Market at 1st & University and

24 Pike Place, despite there being no allegations of union activity at those stores. Further, the Board

25 requests this remedy without having considered the degree of employee interchange between 1st &

26 **OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED DISCOVERY AND EVIDENTIARY HEARING - 6**
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1  Pike and other stores prior to the implementation of Heritage Market, and improperly asks the court

2  to exempt the increased wages instituted at Heritage Market from any status quo order the Court

3  might issue. Petitioner also asks for a notice posting and reading at the impacted stores. Petitioner

4  does not disclose in the Petition the factual or legal grounds upon which it seeks this relief. As such,

5  Starbucks needs discovery from Petitioner on the evidentiary basis for the requests.

6       Starbucks is not seeking "full blown" discovery. It requests that the Court provide an

7  expedited schedule for document requests and interrogatories to the Board, the deposition of the

8  Regional Director or another agent of the Board, and document subpoenas to and depositions of the

9  Union, the individuals who provided the affidavits that Petitioner offers as exhibits with this Petition,

10  and others whom Starbucks learns may have relevant evidence.

11                          **II.    LEGAL STANDARD**

12       Section 10(j) of the NLRA authorizes the court to issue interim injunctive relief only when

13  it is "just and proper" to do so.  While "interim injunctive relief is sometimes necessary to preserve

14  the Board's remedial power," it remains "an extraordinary remedy never awarded as of right."  *Id*.

15  *Arlook v. S. Lichtenberg & Co*., 952 F.2d 367, 369 (11th Cir. 1992); *Winter v. NRDC, Inc.,* 555 U.S.

16  at 24. "Courts must evaluate petitions for both preliminary and permanent relief on 'a case-by-case

17  basis in accord with traditional equitable principles and without the aid of presumptions or a "thumb

18  on the scale" in favor of issuing such relief.'" *Hooks v. Nexstar Broad, Inc.,* 54 F.4th 1101, 1114 (9th

19  Cir. 2022) (citing *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 980-81 (9th Cir. 2011).  Only where

20  "the movant, by a clear showing, carries the burden of persuasion" may the court award such relief.

21  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotation marks and citation omitted)

22  (emphasis in original); *Winter*, 555 U.S. at 22.

23       To decide a Section 10(j) case in the Ninth Circuit, the court first considers the NLRB's

24  likelihood of success on the merits of the underlying unfair labor practice case. "This is defined by

25  whether the Board would adopt the findings and recommendations of the ALJ and whether, in that

26  **OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO
ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND
DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED
DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED
DISCOVERY AND EVIDENTIARY HEARING** - 7

CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1   event, our court would conclude that the Board's order would be enforced." *McDermott ex rel. NLRB*

2   *v. Ampersand Publ'g, LLC*, 593 F.3d 950, 964 (9th Cir. 2010).[2]  In making such a determination,

3   "[t]he court does not presume that the Regional Director's position will ultimately be adopted by the

4   Board." *Id.*

5           Even assuming Petitioner is able to show a likelihood of success on the merits, he still "must

6   establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

7   absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is

8   in the public interest." *Winter*, 555 U.S. at 20.  That is in part because "issuing a preliminary

9   injunction based only on a possibility of irreparable harm is inconsistent with our characterization

10  of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that

11  the plaintiff is entitled to such relief." *Id.* at 22.  The court held in *Miller v. California Pac. Med.*

12  *Ctr.,* 19 F.3d 449, 458-59 (9th Cir. 1994) (overruled on other grounds by *Winter*) that while "the

13  Board argues that just and proper element is satisfied if the relief is necessary to prevent a frustration

14  of the remedial purposes of the Act," "[t]he Supreme Court, however, instructed differently in

15  *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982) ("federal judge sitting as chancellor is not

16  mechanically obligated to grant an injunction for every violation of law").

17          When granting district courts exclusive authority to determine whether Section 10(j) relief is

18  "just and proper," Congress contemplated that the district court would exercise judgment in making

19  that decision, not simply rubber stamp the NLRB's requests. In *Miller*, the court properly held:

20              Even though § 10(j) is an exception to the primary jurisdiction of the NLRB over labor
                disputes, it reflects an intention that the district court will exercise judgment rather than
21              simply sign off on Board requests. Otherwise, jurisdiction for the court to grant such
                relief "as it deems just and proper" would be unnecessary. Also, it is the courts of
22              appeals which are obliged to afford deferential review to final Board determinations,
                not the district courts in response to preliminary requests. The NLRA provisions
23              requiring deference to the NLRB show that when Congress wanted to tell the courts to

24

25  [2] This is a reference to a petition for judicial review of any order by the Board pursuant to
    Sections 10(e) or (f) of the NLRA. 29 U.S.C. §§ 160(e) or (f).

26  **OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO**
    **ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND**
    **DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED**
    **DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED**
    **DISCOVERY AND EVIDENTIARY HEARING - 8**
    CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

give the benefit of the doubt to the Board's expertise, it knew how to do so. *See* 29 U.S.C. § 160(e) (on petition for enforcement of its order, Board's factual findings deemed 'conclusive' 'if supported by substantial evidence on the record considered as a whole'); *id*. § 160(f) (same rule with respect to petition for review of Board's order). As we discuss, district courts should take the appellate standard of review into account in evaluating the likelihood of success on the merits, but nothing in the NLRA requires them to defer to the Board's § 10(j) request.

19 F.3d at 458-59.

## A.    Discovery Is Routinely Ordered in Section 10(j) Cases, Despite the Board's Routinely Urging Courts to Deny It

The Petitioner argues that expedient, preliminary Section 10(j) relief, without discovery and on the underlying ALJ record, is required to restore the status quo allegedly disrupted by Starbucks' purportedly unlawful conduct, notwithstanding the fact that the events at issue ***occurred over a year ago***, negating the need for any immediate relief. Further, given the amount of time it will take to obtain an ALJ's decision in the underlying case and after that a decision by the Board, nothing about the relief sought can reasonably be described as "temporary" or "preliminary."

Courts have held that "the discovery provisions of the Federal Rules of Civil Procedure apply in 10(j) proceedings, as a suit of civil nature." *Madden v. Milk Wagon Drivers Union Local* 753, 229 F. Supp. 490, 492 (N.D. Ill. 1964); *Meter v. Minnesota Mining & Mfg. Co*., 42 F.R.D. 663 (D. Minn. 1967) (granting discovery including depositions on the issues raised in the Section 10(j) petition); *Sperandeo v. Milk Drivers & Dairy Employees Local Union No. 537*, 334 F.2d 381, 383 (10th Cir. 1964) ("while this action was brought by the appellant in his official government capacity, he is in no different position than any ordinary litigant and is, therefore, bound by the discovery provisions of the Federal Rules of Civil Procedure in the same respects as an ordinary litigant."). Therefore, a respondent in a Section 10(j) proceeding such as this is entitled to discovery that is "limited to the issues raised by the petition for an injunction . . . ." *Milk Wagon Drivers Union Local 753*, 229 F. Supp. at 492. *See also Drew-King ex rel. NLRB v. Amazon.com Services LLC*, No. 1:22-cv-1479-DG-SJB (E.D.N.Y March 24 & 30, 2022) (ordering depositions on "just and proper" after

OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED DISCOVERY AND EVIDENTIARY HEARING - 9

CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1 full ALJ record was developed related to "reasonable cause"); *Hoffman v. Pennant Foods Co*., 2008

2 WL 1777382, at *5 (D. Conn. Apr. 14, 2008) (using ALJ record and allowing employer to

3 supplement record with additional testimony at a supplemental hearing).

4       The NLRB is well-aware of a respondent's right to discovery in a Section 10(j) proceeding.

5 Starbucks alone has requested expedited discovery in four Section 10(j) cases in the last year, and

6 the request has been granted each time.[3] The request for discovery should be granted by this Court,

7 just as it was in those other forums.

8       By way of example, in *Overstreet ex rel. NLRB v. Starbucks Corp*., No. 2:22-cv-00676-JJT

9 (D. Ariz. 2022), the court rejected the NLRB's motion for a decision based on the NLRB's affidavits

10 and to forgo discovery entirely.  The court ordered expedited discovery (i.e., depositions not to

11 exceed three hours each, requests for production, and declarations) and a one-day hearing in which

12 declarants were required to appear and be subject to cross-examination.  See Declaration of Adam

13 Tuzzo in Support of Opposition to Petitioner's Motion for an Expedited Hearing, to Adjudicate on

14 the Basis of Affidavits, Transcripts, and Documentary Evidence and For an Order Governing

15 Expedited Discovery and Respondent's Motion for Expedited Discovery and an Evidentiary Hearing

16 and Memorandum in Support ("Tuzzo Decl.") at Ex. A. Discovery in that case proved pivotal

17 because it revealed that the NLRB's affidavits contained knowingly false statements and that the

18 NLRB's case was nothing short of a sham.  Tuzzo Decl. at Ex. A.  In a bench decision, the court

19 specifically noted that two of the three alleged discriminatees had provided materially inconsistent

20 statements and the third was lawfully separated from her employment because she had engaged in

21 conduct that violated Starbucks' policy and was potentially a criminal felony.  Tuzzo Decl. at Ex. B.

22 [3] The NLRB publishes on its website a (heavily) redacted document titled "Section 10(j)
23 Manual" that instructs NLRB attorneys to oppose discovery in Section 10(j) cases as well as pre-
approved motions and arguments addressing the issue:
24 https://www.nlrb.gov/sites/default/files/attachments/pages/node-
174/redacted10jmanual50reduced.pdf.

25

26 **OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO
ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND
DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED
DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED
DISCOVERY AND EVIDENTIARY HEARING** - 10
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

In *Leslie ex rel. NLRB v. Starbucks Corp.*, No. 1:22-cv-478 (W.D. N.Y. 2022), petitioner initially requested that the court try the petition on affidavits, but after the court granted Starbucks' motion for expedited written discovery and depositions, petitioner moved to have the case tried on the administrative record. The court granted that request in part, and granted Starbucks' renewed request for expedited discovery, including to explore whether the union had created its own chilling effect. Petitioner and the union and other subpoenaed non-parties moved to quash document subpoenas issued by Starbucks. The court granted the motions in part and denied them in part. Tuzzo Decl. at Ex. C. The union and other subpoenaed non-parties subsequently refused to comply with the subpoenas.

In *Poor ex rel. NLRB v. Starbucks Corp.*, No. 1:22-cv-7255 (E.D. N.Y. Dec. 15, 2022), the court likewise granted Starbucks' request for discovery on whether the requested relief – reinstatement of one partner and an interim bargaining order where the union lost the election – was just and proper. The court also denied petitioner's request for trial by affidavit and flatly rejected its bid for nationwide injunctive relief. *Id.* at Dkt 19.

Similarly, in *McKinney ex rel. NLRB v. Starbucks Corp.*, No. 2:22-cv-02292 (W.D. Tenn. 2022), the court ordered discovery (including written discovery, declarations, and depositions) and a hearing, as Starbucks requested and petitioner opposed. The court's order on the merits also denied petitioner's request for nationwide relief. (That case is presently pending before the Sixth Circuit Court of Appeals).

Even the NLRB's Section 10(j) Manual concedes that discovery or live testimony in court or before an ALJ frequently occurs and is useful both for proof of "the violations" and on "just and proper" allegations. It also acknowledges that the NLRB is subject to the Federal Rules of Civil Procedure on discovery, no different than any other litigant when in federal court:

> Section 6.1 The Evidence . . . [i]n some cases, a record already compiled in the administrative proceeding before an administrative law judge (or relevant portions thereof) can be used in place of, or in conjunction with, affidavits. **The administrative**

OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO
ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND
DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED
DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED
DISCOVERY AND EVIDENTIARY HEARING - 11
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

**record will generally only support the merits of the violations, and not the need for injunctive relief. For this reason, 10(j) cases heard on the administrative record also will need supplementary evidence on the need for interim relief either in the form of affidavits or live testimony before the district court judge.** . . . **In some instances, a district court will insist on hearing live testimony to prove the violations or just and proper allegations in the petition. In that case, the Region should be prepared to present witnesses at a 10(j) hearing in district court to prove the merits of the petition allegations**.

Section 8.0 Discovery in 10(j) Litigation . . . [T]here is rarely a need for the Board to conduct discovery in injunction cases. Respondents, however, often seek discovery. **Courts frequently grant discovery because, despite the priority nature of Section 10(j) cases, the Board is subject to normal discovery procedures under the Federal Rules of Civil Procedure (Rules 26-37 and 45) in a district court proceeding**. **Board attorneys should be prepared to respond to reasonable discovery requests** and to produce relevant, nonprivileged evidence.

8.1 . . . **[T]he Agency has an affirmative duty to promptly respond to a respondent's legitimate need for relevant evidence in the Board's possession within the meaning of Fed.R.Civ.P. 26(b)(1)**.

In Appendix K, the NLRB's sample memoranda include options for trying a 10(j) using the ALJ record for "reasonable cause" and live testimony for the "just and proper" element. *Id.* (2014 Ed.)

([https://www.nlrb.gov/sites/default/files/attachments/basic-page/node-1727/MASTER%20REVISED%202013%2010(J)%20MANUAL.pdf](https://www.nlrb.gov/sites/default/files/attachments/basic-page/node-1727/MASTER%20REVISED%202013%2010(J)%20MANUAL.pdf) ).

In summary, multiple courts have properly rejected the NLRB's attempts to railroad respondents by turning Section 10(j) proceedings into the cannonball run of federal court litigation. *See Hendrix ex. rel. NLRB v. S. S. Kresge Co.*, 440 F. Supp. 1335, 1335 (D. Kan. 1977) (ordering a two-day evidentiary hearing for 10(j) evidence to be heard).

Rejection of the NLRB's attempt here is especially appropriate considering Petitioner's claims are based entirely upon conduct that allegedly occurred **over a year ago.** This type of delay, at best, renders the petition itself inappropriate, especially without discovery. Courts have dismissed Section 10(j) petitions for shorter delays.  In *Kobell v. Suburban Lines, Inc.,* 731 F.2d 1076, 1103 (3d Cir. 1984), the court dismissed a Section 10(j) petition after a delay of six months between the

**OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED DISCOVERY AND EVIDENTIARY HEARING** - 12
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

occurrence of the alleged unfair labor practices and the NLRB filing a Section 10(j) petition.  The court found:

> It is not enough to express in the strongest terms the revulsion at having expedited this appeal while the NLRB failed to expedite its proceedings. Such blatant lack of candor exposes a cynicism that simply will not be tolerated where the executive branch thwarts an attempt by the judicial branch to vindicate the Congressional mandate.

*Id.* In *Seeler v. H.G. Page & Sons, Inc.*, 540 F. Supp. 77 (S.D.N.Y. 1982), the NLRB waited four months to file for Section 10(j) injunctive relief. Denying the petition, the court held:

> Although Congress specifically noted that some interim relief may be necessary because of the relatively slow procedure of the Board hearing, this remedy does not apply where the Board itself does not treat the ongoing violations with urgency. It took nearly four months for the Board to request injunctive relief. The hearing before the administrative law judge is tentatively scheduled for June 15, 1982. I do not believe any additional "union erosion" will occur in the next month that the Board has not already deemed permissible by waiting four months to come into federal court. Congress may have enacted 10(j) to compensate for an admittedly slow administrative adjudication process, but it did not intend to countenance undue delay in requesting interim injunctive relief. The Board's inaction in this case is the most compelling evidence against the need for intervention by this court. Thus, pending the administrative hearing and decision, it does not appear that the union will require or deserves injunctive relief.

*Id*. at 79 (internal quotations omitted). *See also, Sharp ex rel. NLRB v. La Siesta Foods*, 859 F. Supp. 1370, 1375 (D. Kan. 1994) (dismissing petition and holding that "[b]ecause of the delay by the petitioner in bringing this action, any harm that might occur in the absence of the requested injunction, namely the erosion of employee support for the union, has already occurred due to the Board's tardiness.").

A period of over a year since the conduct at issue occurred is simply too long a delay to permit preliminary injunctive relief. This is particularly true when, as here, Petitioner is seeking extraordinary remedies that include asking this Court to: (1) restore business operations at the three stores at issue as they existed prior to May 6, 2022; (2) offer interim reinstatement to employees to their former pre-Heritage District positions at the stores at issue; (3) grant wage increases and

OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED DISCOVERY AND EVIDENTIARY HEARING - 13

CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    benefits; (4) compel Starbucks to engage in speech in violation of its First Amendment rights; (5)

2    convene mandatory meetings on working time for a reading remedy, even where no organizing

3    campaign exists; and (6) distribute notice postings and videos of such notices being read to stores

4    and employees. Further, Petitioner is attempting to rush this matter through federal court to obtain

5    tacit approval of new and unsupported legal theories that would constitute a change in the law, and

6    which would then be backed by the force of injunctive relief, under the guise of "preserving the

7    status quo." (*see* Petitioner's Memorandum of Points and Authorities in Support of Petition for

8    Temporary Injunction, p. 24). *See, McDermott ex rel. NLRB v. Ampersand Publ'g, LLC*, 593 F.3d

9    950, 958 (9th Cir. 2010) ("when the proposed [injunctive] relief risks violating the First

10   Amendment," "a 'particularly strong showing' is required to grant a Section 10(j) injunction.").

11   For these reasons, Starbucks requests the opportunity to take limited discovery in an

12   expedited fashion to obtain evidence on whether injunctive relief under Section10(j) would be "just

13   and proper."

14   **1.    The Court Has Discretion to Order an Expedited Discovery Schedule**

15   Under Rule 26(d) of the Federal Rules of Civil Procedure, the Court has discretion to order

16   an expedited discovery schedule.  Expedited discovery is especially appropriate in a matter in which

17   a request for a preliminary injunction has been made.  *See Madden,* 229 F. Supp. at 492 ("[U]nless

18   discovery is permitted in advance [of a hearing on a petition], the respondent will face the

19   possibilities of surprise and inadequate preparation which the Federal Rules were designed to

20   eliminate."); *see also* Fed. R. Civ. P. 26(d), Notes of Advisory Committee on Rules – 1993

21   Amendments.  Starbucks respectfully submits that the Court should exercise its discretion by issuing

22   an order establishing an expedited discovery schedule that provides the Company with a fair

23   opportunity to discover matters relevant to the questions of whether likelihood of success on the

24   merits exists and whether the injunctive relief sought by Petitioner is just and proper.

25   On the "just and proper" element in a Section 10(j) case, district courts may resolve issues

26   **OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED DISCOVERY AND EVIDENTIARY HEARING - 14**

CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

of conflicting testimony or witness credibility. Indeed, the court in *Overstreet v. Starbucks* dismissed the Section 10(j) petition by finding that the NLRB's witnesses had provided affidavits that did not withstand scrutiny.

Likewise, the court in *Leslie v. Starbucks*, in granting Starbucks' request for discovery, rejected the NLRB's contention that a Section 10(j) petition should stand on the weight of affidavits taken at face value. *See also Hartman & Tyner, Inc.*, 714 F.3d at 1252 (dismissing Section 10(j) petition and finding that "the weight to be accorded competing pieces of evidence or the act of choosing between plausible but competing views of the record is a classic exercise of a district court's fact-finding function . . ."); *Crawford ex rel. NLRB v. Soil Eng'g. & Exploration Co.*, 1982 U.S. Dist. LEXIS 14939, at *2 (N.D. Ill. 1982) (while the regional director of the NLRB must be given deference with respect to reasonable cause, "deference, however, does not mean that this court is required to accept petitioner's allegations when they are not supported by the evidence presented;" petition dismissed). Otherwise, the Court's role in a Section 10(j) case would be strictly perfunctory with no authority to assess the weight and credibility of evidence presented to it. The Court is not so constrained.

### 2. The Expedited Discovery Starbucks Seeks Is Reasonable

The expedited discovery that Starbucks seeks is not overly burdensome. Starbucks requests discovery, including a limited number of depositions, in order to test:

(1) whether the affiants here adhere to the core statements made in their affidavits when presented with the Company's evidence and questions; and,

(2) whether Petitioner can establish that equitable relief is "just and proper."

Petitioner's argument that expedited discovery is not reasonable is simply a rehash of the same continuously rejected arguments discussed above. For instance, Petitioner argues that expedited discovery is not reasonable because discovery could "burden . . . the Union as well as individual unrepresented employees" and that Starbucks must rely on the "supporting evidence" that

**OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED DISCOVERY AND EVIDENTIARY HEARING - 15**
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    "Petitioner had already provided," because "there will be little, if anything, else" to be produced.

2    (Doc. 11, at p. 8). Starbucks disagrees. As was seen in *Overstreet v. Starbucks Corp.*, discovery

3    tests the Section 10(j) affidavits and helps pull back the cloth when they are a sham. Untested

4    affidavits and declarations are part of the story in a case; they are never the whole story. The manner

5    in which an affidavit or declaration was solicited or taken may impact its reliability in whole or in

6    part. It may not be clear whether the foundation for a particular assertion is based on firsthand

7    knowledge, secondhand knowledge, generalizations, or complete speculation. Statements may

8    themselves be contradictory.

9         Affiants and declarants may not be telling the truth, or may be exaggerating their statements,

10   in order to serve a cause. Cross-examination is required as a matter of due process and is common

11   in 10(j) cases for these very reasons. As described above, recent experience in 10(j) cases between

12   the parties shows that affiants on whose affidavits the petitioning regional director relied: (1) lacked

13   a foundation for or personal knowledge of statements in their affidavits; (2) made materially false

14   statements in their affidavits; (3) backed away from or outright changed statements in their

15   affidavits; and (4) provided additional facts and context that undercut the petitioner's claims. In a

16   10(j) case, the determination whether "reasonable likelihood of success" exists and injunctive relief

17   is "just and proper" ought not to be made without subjecting the material parts of the story the

18   petitioner wants the court to hear to the scrutiny of cross-examination, "beyond any doubt the

19   greatest legal engine ever invented for the discovery of truth." 3 Wigmore, Evidence §1367, p. 27

20   (2d ed. 1923).

21        Moreover, as mentioned above, discovery has been granted in four Section 10(j) cases

22   involving Starbucks in the past year. The courts have already determined that NLRB cases dealing

23   with confidentiality interests, associational privilege, and proprietary interests are not applicable

24   and/or not binding upon federal courts in a Section 10(j) case. While Petitioner would have

25   otherwise admissible evidence excluded simply on the basis of these amorphous privileges and

26   **OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO**
     **ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND**
     **DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED**
     **DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED**
     **DISCOVERY AND EVIDENTIARY HEARING** - 16

     CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

supposed interests, which do not apply here, the Federal Rules provide a different and more reasonable mechanism.  Indeed, this Court is well-equipped to handle all manner of confidential information and, if necessary, to craft an appropriate protective order.

### 3.   Expedited Discovery Is Particularly Appropriate Since There Is No Administrative Record to Aid the Court's Analysis

The court must make independent determinations on whether the relief sought is "just and proper." Importantly, this analysis involves factual rather than purely legal inquiries. *See Esbin & Alter, LLP*, 403 Fed. Appx. at 593 (irreparable harm requires fact finding); *Wochos v. Smith*, 2008 WL 4183393, *2 (W.D. Ark. Sept. 11, 2008); *see also Eisenberg v. Hartz Mountain Corp.*, 519 F.2d 138, 143 n.5 (3d Cir. 1975) ("[I]n many Section 10(j) cases…an evidentiary hearing may be essential to informed decision whether an injunction would be in the public interest.").

"Injunctive relief," and thus relief under Section 10(j), "is a drastic remedy under any circumstances." *Angle v. Sacks*, 382 F.2d 655, 661 (10th Cir. 1967). Moreover, to show injunctive relief is just and proper, "the Board must show that the 'purposes of the Act will be frustrated' or that the 'efficacy of the Board's final order may be nullified, or the administrative procedures will be rendered meaningless' unless temporary relief is granted." *Sharp v. La Siesta Foods, Inc*., 859 F. Supp. At 1374 (*citing Angle* at 660). The Court should not grant such relief based solely on a record that does not contain the full panoply of evidence on essential components of the standard for Section 10(j) relief.  Starbucks is entitled to submit evidence on topics that are unexplored or insufficiently explored in the Petitioner's affidavits and the record from the hearing in the representation case, and that are not addressed in the Petition. For example, evidence relevant to the Section 10(j) inquiry may include:

- The impact of reinstating employees on Respondent and its existing workforce. *See, e.g.*, *Garcia v. High Flying Foods*, 2015 WL 773054, *20 (S.D. Cal. Feb. 12, 2015) (declining to order reinstatement because, *inter alia*, doing so "would probably result in hardship to Respondent and its employees").

OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED DISCOVERY AND EVIDENTIARY HEARING - 17
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

- Whether the employees on whose behalf the Board seeks reinstatement have secured alternative employment or have an interest in resuming work with Starbucks. *See, e.g., McDermott v. Ampersand Publ'g LLC*, 2008 WL 8628728, *13 (C.D. Cal. May 22, 2008) (noting it is "likely [] that the discharged employees have been already forced to secure other employment such that the payment of lost wages will to a large degree remedy any harm to them").

- Whether employee terminations caused a reduction in the workforce's support for union representation. *See, e.g., NLRB v. Prime Healthcare Servs.*, 2017 WL 2192970, *5 (D. Nev. May 18, 2017) (emphasizing in 10(j) case the absence of "affirmative evidence of … 'observed-drop off' in … support for the Union").

- Whether the terminations have chilled other employees' willingness to file charges with the Board. *See, e.g., NLRB v. P\*I\*E Nationwide, Inc.*, 878 F.2d 207, 210 (7th Cir. 1989) (emphasizing that there is "no evidence that [] employees are afraid to file grievances with the NLRB and therefore no evidence that there is a public interest at stake here.").

- Whether the proposed injunction would require the termination of current Starbucks employees. *See, e.g., McDermott*, 2008 WL 8628728, *14 (rejecting 10(j) petition because, inter alia, "[t]he proposed injunction would likely force Respondent to let go of currently hired employees).

There is an absence of credible record evidence on these and related issues, and, therefore, resolving the reasonable likelihood of success and just and proper elements of the petition on the affidavits and record from the representation hearing is inappropriate. *See generally Scotts Co. v. United Indus. Corp.*, 315 F.3d 264 (4th Cir. 2002) (recognizing "[t]he danger of a mistake" in preliminary injunction proceedings based on an incomplete record "is substantial.") (internal citations omitted); *Hosp. Supply Corp. v. Hospital Prods. Ltd.*, 780 F.2d 589, 593 (7th Cir. 1986) ("Because he is forced to act on an incomplete record, the danger of a mistake is substantial."). Without taking evidence, the Court will be unable to make necessary factual findings supporting a preliminary injunction. *See McKinney v. Creative Vision Res., LLC*, 783 F.3d 293, 299 (5th Cir. 2015) ("[F]or purposes of § 10(j), a labor practice must lead to exceptional injury, as measured against other unfair labor practices" and "a district court … must issue specific findings of fact that suggest harm requiring § 10(j) injunctive relief.").

**OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED DISCOVERY AND EVIDENTIARY HEARING** - 18
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    Forcing Respondent to oppose the likelihood of success and just and proper elements solely

2    on affidavits and the record from the representation case hearing is neither due process nor a proper

3    substitute for subpoenaing witnesses for depositions or live testimony in federal court. To do so

4    ignores several realities, not the least of which is that Respondent cannot compel any non-

5    management employee to speak with it – much less provide an affidavit – related to these elements,

6    as it can do via subpoena in discovery. Of course, an attempt by Starbucks to compel non-

7    management employees to speak with it regarding such issues would surely be met with new unfair

8    labor practice charges and potentially demands for injunctive relief. The prospect of Starbucks'

9    attorneys finding sufficient volunteers amongst its hourly-paid ranks to provide counter-affidavits is

10   wholly unrealistic. Affidavits by management employees cannot fully address the alleged claims of

11   unlawful motive and chilling effect on the organizing campaign or union efforts.

12                      **4.    The Court Should Order a Hearing and Take Evidence**

13         The determination whether to schedule a Section 10(j) petition for an evidentiary hearing is

14   a matter left to the court's discretion.  Starbucks requests that the Court exercise its discretion to

15   schedule a hearing here because some issues may not be resolved in discovery and will require an

16   evidentiary hearing to resolve, particularly on the likelihood of success and just and proper factors.

17   The Court must weigh the evidence and, where the evidence is in conflict, make any necessary

18   determinations in determining whether Petitioner has satisfied his burden of proof.  *See, e.g.*,

19   *Overstreet* (D. Ariz. May 5 & 11, 2022) (Dkt. 16 & 21, ordering expedited discovery, depositions,

20   evidentiary hearing).  Here, Starbucks expects the evidence to be in conflict in material respects.

21   Accordingly, the Court should set the case for an evidentiary hearing to provide it with the

22   opportunity to resolve those conflicts.

23         **B.    Petitioner's Request for an Order Governing Requests for Expedited Discovery
              Should Also Be Denied**

24

25         Petitioner requests that if the Court grants expedited discovery, it also grant an order that

26

**OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO
ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND
DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED
DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED
DISCOVERY AND EVIDENTIARY HEARING - 19**
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1  provides "robust protections for confidential information" and be conducted in the least burdensome

2  manner possible. First, the request does not comply with the requirements in Local Rule 26 for

3  addressing discovery disputes and/or obtaining a protective order.  Indeed, a discovery order has not

4  issued yet and therefore, the parties have not met and conferred to attempt to craft an acceptable

5  discovery plan to submit to the Court. Further, any concerns with respect to confidential information,

6  burden, and other discovery matters will be resolved in accordance with the Federal Rules of Civil

7  Procedure and Federal Rules of Evidence once the Court issues a discovery order, and Starbucks has

8  issued its subpoenas and deposition notices. As it stands, Petitioner's request for an order governing

9  discovery at this juncture puts the cart before the horse, and should be denied.

10  ### III.   CONCLUSION

11  For all the foregoing reasons, Starbucks respectfully requests that this Court:

12  1.      Deny Petitioner's Motion for an Expedited Hearing, to Adjudicate Petition on the

13  Basis of Affidavits, Transcripts, and Documentary Evidence, and for an Order Governing Requests

14  for Expedited Discovery;

15  2.      Grant Respondent's Motion for Expedited Discovery and an Evidentiary Hearing;

16  3.      Order the parties to submit to the Court a joint discovery plan that includes, at a

17  minimum, document requests, subpoenas *duces tecum* and depositions; and

18  4.      Schedule an evidentiary hearing on the merits of the Petition that includes oral

19  arguments and cross-examination of witnesses and individuals who provided affidavits to the

20  Petitioner in this matter.

21  //

22  //

23  //

24  //

25

26  **OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED DISCOVERY AND EVIDENTIARY HEARING** - 20
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

Dated: July 24, 2023

I certify that this memorandum contains 6,928 words, in compliance with the Local Civil Rules.

_s/ Derek A. Bishop_
Ryan P. Hammond, WSBA #38888
rhammond@littler.com
Derek Bishop, WSBA #39363
debishop@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Telephone:    206.623.3300
Facsimile:    206.447.6965

Adam P. Tuzzo (*pro hac vice*)
Jonathan Levine (*pro hac vice*)
LITTLER MENDELSON, P.C.
111 East Kilborn Ave., Suite 1000
Milwaukee, WI 53202
Telephone: (414) 978-4606
atuzzo@littler.com
jlevine@littler.com

Jeffrey S. Hiller (*pro hac vice*)
David A. Kadela (*pro hac vice*)
LITTLER MENDELSON, P.C.
41 South High St., Suite 3250
Columbus, OH 43215
Telephone: (614) 463-4230
jhiller@littler.com
dkadela@littler.com

Attorneys for Respondent

**OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED DISCOVERY AND EVIDENTIARY HEARING** - 21
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1

## CERTIFICATE OF SERVICE

2      I am a resident of the State of Washington, over the age of eighteen years, and not a party to

3  the within action. My business address is One Union Square, 600 University Street, Suite 3200,

4  Seattle, WA 98101. I hereby certify that on July 24, 2023, I electronically filed the foregoing

5  document(s) with the Clerk of the Court using the CM/ECF system, which will send notification of

6  such filing to the following individuals:

7      **Attorneys for Petitioner**                    **Attorneys for Intervenor Workers United**

8      Anne P. Pomerantz                                Dmitri Iglitzin, WSBA #17673
9      Kristin E. White                                Marina Multhaup, WSBA # 58877
       Sarah McBride                                    Barnard Iglitzin & Lavitt LLP
10     National Labor Relations Board                   18 W Mercer St., Suite 400
       915 2nd Ave., Suite 2948                         Seattle, WA 98119
11     Seattle, WA 98174                                Tel: 206-257-6001
       Tel: 206-220-6301
12     Anne.pomerantz@nlrb.gov                          iglitzin@workerlaw.com
       Kristin.white@nlrb.gov                           multhaup@workerlaw.com
13     Sarah.mcbride@nlrb.gov                           woodward@workerlaw.com

14
       I certify under penalty of perjury under the laws of the United States and of the State of
15
    Washington that the foregoing is true and correct.
16
       Dated this 24th day of July, 2023.
17
                                                        s/ Karen Fiumano Yun
18                                                      Karen Fiumano Yun
                                                        kfiumano@littler.com
19                                                      **LITTLER MENDELSON, P.C.**
       4862-4962-2898.1 / 055187-2842
20

21

22

23

24

25

26  **OPP. TO PETITIONER'S MOT. FOR EXPEDITED HEARING, TO**
    **ADJUDICATE ON THE BASIS OF AFFIDAVITS, TRANSCRIPTS AND**
    **DOCUMENTARY EVIDENCE, AND FOR ORDER RE EXPEDITED**          LITTLER MENDELSON, P.C.
    **DISCOVERY AND RESPONDENT'S MOTION FOR EXPEDITED**                Attorneys at Law
    **DISCOVERY AND EVIDENTIARY HEARING** - 22                        One Union Square
                                                                 600 University Street, Suite 3200
    CASE NO. 2:23-CV-01000-JK                                       Seattle, Washington 98101.3122
                                                                         206.623.3300