THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD K. HOOKS, Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>STARBUCKS CORPORATION<br><br>Respondent. | Civil No. 2:23-cv-01000-LK<br><br>PETITIONER'S RESPONSE AND REPLY TO RESPONDENT'S OPPOSITION AND MOTION FOR EXPEDITED DISCOVERY AND AN EVIDENTIARY HEARING<br><br>NOTED ON MOTION CALENDAR<br>August 11, 2023 |

Petitioner Ronald K. Hooks, Regional Director of Region 19 of the National Labor Relations Board (the "Board"), hereby respectfully responds and replies per the Court's Minute Order of July 26, 2023 (Dkt. 43), to the Opposition and Motion for Expedited Discovery and an Evidentiary Hearing filed by Starbucks Corporation ("Respondent" or "Starbucks"). In Support of this Response and Reply, Petitioner submits the following.

"[I]n the labor field, as in few others, time is crucially important in obtaining relief." *NLRB v. C & C Plywood Corp.*, 385 U.S. 421, 430 (1967). This case involves allegations that, after a known union organizing

RESPONSE AND REPLY TO RESPONDENT'S OPPOSITION AND MOTION FOR EXPEDITED DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 1

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

campaign started at one of its Seattle stores, Starbucks effectively derailed the campaign by consolidating that store with two others into a "Heritage District," destroying the organizing store's identity as a separate bargaining unit. As part of that process, numerous union supporters were left out of the consolidated stores, further ensuring that union organizing efforts would not succeed. A final Board order restoring the lawful status quo of separate stores and allowing rejected employees to return to their original stores may come too late to revive employee interest in organizing activities. *See Pye v. Excel Case Ready*, 238 F.3d 69, 75 (1st Cir. 2001) (unremedied interference with unionization effort "would make the Board's remedial process ineffective simply because it is not immediate"); *NLRB v. Electro-Voice, Inc.*, 83 F.3d 1559, 1573 (7th Cir. 1996) ("As time passes, . . . the spark to organize is extinguished."); *Overstreet v. Shamrock Foods Co.,* No. CV-15-01785-PHX-DJH, 2016 U.S. Dist. LEXIS 190132 at *18 (D. Ariz. Feb. 1, 2016), *aff'd*. 679 Fed. Appx. 561, (9th Cir. 2017). The purpose of this action under § 10(j) is precisely to prevent that type of irreparable harm to the Board's remedial authority and to employee rights. *Pye*, 238 F.3d at 75.

Respondent's demands for extensive discovery impede the statutory purpose of speedy interim relief. As discussed more fully in Section III of the Petitioner's Motion in Support for an Expedited Hearing ("Petitioner's Motion") (Dkt. 19, pp.6-10), but briefly summarized below, Petitioner maintains that expedited discovery is unnecessary and inappropriate in this case, and that the case should be tried on the affidavits and evidence presented in his initial papers. (Dkt. 22). Moreover, discovery should not be granted here specifically because many of the subjects Respondent is seeking to engage in discovery over are areas that are privileged, irrelevant, or both. Finally, if expedited discovery is permitted over any areas, it should be narrowly tailored to obtain specific identifiable information in the least burdensome manner possible, along with an evidentiary hearing, as outlined below.

RESPONSE AND REPLY TO RESPONDENT'S OPPOSITION AND MOTION FOR EXPEDITED DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 2

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

I. **EXPEDITED DISCOVERY IS UNNECESARY AND INAPPROPRIATE, AND THE CASE SHOULD BE TRIED ON THE AFFIDAVITS AND OTHER EVIDENCE PRESENTED**

Standard discovery procedures typical to ordinary civil litigation involving initial disclosures and open-ended discovery in preparation for a trial on the merits, *see* Fed. R. Civ. P. 26, are not available in § 10(j) proceedings, where the district court has no authority to decide the underlying merits and there is a need for expedition. Indeed, contrary to Respondent's cherry-picked citations, courts have properly denied or narrowly restricted discovery repeatedly in § 10(j) cases; discovery in these cases is, simply stated, not "routinely ordered" as Respondent contends at Dkt. 41, p.9. *See generally Garcia v. Fallbrook Hosp.,* 952 F.Supp.2d 937, 956 (S.D. Ca. 2013) (granting injunction based on ALJ record, denying respondent's request for discovery and an evidentiary hearing in the event of an injunction); *Kreisberg v. HealthBridge Mgmt., L.L.C.,* No. 3:12–CV–1299 (RNC), 2012 U.S. Dist. LEXIS 177699, *15-18 n.8 (D. Conn. Dec. 14, 2012) (denying employer's discovery requests), *aff'd* 732 F.3d 131 (2d Cir. 2013); *Barker v. A.D. Conner, Inc.,* 807 F.Supp.2d 707, 711 n.4 (N.D. Ill. 2011) (denying request for discovery and evidentiary hearing and deciding case on the ALJ record); *Mattina v. Kingsbridge Heights Rehab. & Care Ctr.*, 329 F. App'x 319, 323 (2d Cir. 2009) (concluding that the district court did not abuse its discretion in denying Kingsbridge's discovery requests), *aff'g*, 2008 U.S. Dist. LEXIS 63029 (S.D.N.Y. Aug. 14, 2008); *Wilson v. Jersey Shore Steel Co.*, No. 4:20-CV-00524, 2020 U.S. Dist. LEXIS 74980, at *5 n.6 (M.D. Pa. Apr. 29, 2020) (denying both a hearing and discovery); *Dunbar v. Landis Plastics*, 977 F. Supp. 169, 176-77 (N.D.N.Y. 1997), *reconsideration den'd*, 996 F. Supp. 174, 177-79 (N.D.N.Y.), *remanded on other grounds,* 152 F.3d 917 (2d Cir. 1998) (unpublished table decision) (concluding that neither discovery nor an evidentiary hearing were necessary, given the "extensive affidavit evidence" and that the injunctive relief sought "would not be especially burdensome"). *See also United States v. Electro-Voice*, 879 F. Supp. 919, 923 (N.D. Ind. 1995) (granting limited, expedited discovery where witness affidavits had not yet been disclosed; "court may limit discovery to avoid

RESPONSE AND REPLY TO RESPONDENT'S OPPOSITION AND MOTION FOR EXPEDITED DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 3

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

unnecessary delay in this action's resolution and to avoid creating evidentiary conflicts and credibility issues that this court should not resolve"). *Accord*: *Overstreet v. NP Red Rock, LLC*, No. 2:20-cv-02351-GMN-VCF, 2021 U.S. Dist. LEXIS 134802 at *1 n.1 (D. Nev. July 20, 2021) (tried on affidavits and partial administrative record; no need for an evidentiary hearing), *aff'd* Nos. 21-16220, 21-16355, 2021 U.S. App. LEXIS 35084 (9th Cir. Nov. 26, 2021); *Aguayo v. Tomco Carburetor Co.*, 853 F.2d 744, 746, 748 (9th Cir. 1988) (overruled on other grounds, *Miller v. Cal. Pac. Med. Ctr.*, 19 F.3d 449 (9th Cir. 1994)) (decided on affidavits).

Rather than discovery being "routine," Respondent has to show good cause for the expedited discovery it seeks, as set forth in Petitioner's Motion (Dkt. 22, pp.7-8). *See also Amazon.com Inc. v. Kitsenka*, No. C22-1574-RSL-MLP, 2023 U.S. Dist. LEXIS 89069 at *3 (W.D. Wash. May 22, 2023) (and cases cited); *Wilmington Tr. Co. v. Boeing Co.*, No. C20-0402-RSM-MAT, 2020 U.S. Dist. LEXIS 127179 (W.D. Wash. July 20, 2020) (setting forth the "good cause" factors, including the breadth and purpose of the discovery requests and the burden imposed on the other party). As discussed in Petitioner's Motion (Dkt. 22, pp. 8-10), as well as below, Respondent has not shown the requisite good cause because it seeks discovery that is irrelevant, unnecessary, likely to seek privileged information, and likely to impose a significant burden on employees and their statutory rights to confidentiality over their protected Union activity.

Additionally, Respondent's attack on Petitioner's reliance on cases applying the "reasonable cause/just and proper" standard (Dkt. 41, p.5), does not advance their argument against deciding the case on affidavit and documentary evidence. Under § 10(j), even courts that apply the traditional equitable criteria grant similar deference to Petitioner's theory and evidence on the merits. To establish likelihood of success, Petitioner need only produce "some evidence" in support of the unfair-labor-practice charge "together with an arguable legal theory," *Coffman v. Queen of the Valley Med. Ctr.*, 895 F.3d 717, 725 (9th Cir. 2018).

RESPONSE AND REPLY TO RESPONDENT'S
OPPOSITION AND MOTION FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 4

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

Even under the irreparable harm/balance of harms analysis, courts may draw inferences of harm from the nature of the violation and the evidence establishing likelihood of success. *Frankl v. HTH Corp.*, 650 F.3d 1334, 1362 (9th Cir. 2011) (*reaffirmed in Hooks v. Nexstar Broad., Inc.*, 54 F.4th 1101, 1115 (9th Cir. 2022); *Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1195 (9th Cir. 2011); *Pye*, 238 F.3d at 74–75. In this context, affidavits are properly considered as evidence to support or contradict the permissible inferences of harm; far from being a "railroading," courts applying traditional equitable criteria have frequently decided cases based on affidavits. *See Coffman*, 895 F.3d at 723 & 729 (affirming injunction decided on the basis of affidavits and documentary evidence that established both likelihood of success and irreparable harm; "we may consider the affidavits submitted by the Director as evidence at the preliminary injunction stage," citing *Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986)); *Garcia v. Sacramento Coca-Cola Bottling Co.*, 733 F. Supp. 2d 1201, 1203 n. 1 (E.D. Cal. 2010) (tried on affidavits; no need for evidentiary hearing because credibility disputes are not to be resolved); *Peck v. Horizons Youth Servs., Inc.*, 2009 WL 2381761 at *1 n. 1 (E.D. Cal July 7, 2009) (ALJ record and affidavits on whether injunctive relief was "just and proper"); *Overstreet v. NP Red Rock, LLC*, No. 2:20-cv-02351-GMN-VCF, 2021 U.S. Dist. LEXIS 134802 at *1 n.1 (D. Nev. July 20, 2021) (tried on affidavits and partial administrative record; no need for an evidentiary hearing), *aff'd* Nos. 21-16220, 21-16355, 2021 U.S. App. LEXIS 35084 (9th Cir. Nov. 26, 2021). Thus, as summarized above and as articulated more fully in Petitioner's Motion, expedited discovery should not be permitted here, and the Court should decide the case on the affidavits and accompanying evidence.

## II. RESPONDENT SEEKS DISCOVERY IN AREAS THAT ARE EITHER PRIVILEGED, IRRELEVANT, OR BOTH

In its motion, Respondent seeks discovery into multiple areas, including "facts, not matters concerning the Board's deliberative process, surrounding and leading up to the decision by the Board to authorize the filing of this petition" via deposition of the Regional Director "or another agent of the Board."

RESPONSE AND REPLY TO RESPONDENT'S OPPOSITION AND MOTION FOR EXPEDITED DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 5

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

(Dkt. 41, pp.6, 7). Depositions of high agency officials, like the Regional Director, are disfavored and granted only on a showing of exceptional circumstances. *See, e.g.*, *Lederman v. N.Y.C. Dep't of Parks & Rec.*, 731 F.3d 199, 203 (2d Cir. 2013) (deposition of "high-ranking government official" requires "exceptional circumstances"); *In re F.D.I.C.,* 58 F.3d 1055, 1060-63 (5th Cir. 1995) (party seeking discovery did not make the "strong showing necessary for a finding of exceptional circumstances" to warrant depositions of FDIC Directors), and cases cited therein. Respondent cannot make that showing.

While Respondent attempts to artfully argue that it is only interested in "facts" and not other internal matters regarding the Board's deliberative process, such a distinction is without a difference – discovery in this area would be both improper and irrelevant. Whether injunctive relief is "just and proper" does not turn on what the Regional Director, the Board's General Counsel, and/or the Board may have thought or considered either in issuing the administrative complaint or in deciding to seek interim injunctive relief under § 10(j). Rather, it is the evidence adduced and the legal arguments advanced by the Petitioner in this case that are determinative. *See Madden v Int'l Hod Carriers,* 277 F.2d 688, 693 (7th Cir. 1960) (the propriety of a 10(l) injunction is "to be resolved by the evidence adduced by the Board in open court to sustain its petition;" the Board's internal investigation and determinations regarding the petition are "judicially tested" only by the Board's subsequent ability to prove its case in court). *See also Beverly Enterprises, Inc. v. Herman,* 130 F. Supp.2d 1, 8 (D.D.C. 2000) (refusing to expand discovery because agency is entitled to "presumption of administrative regularity and good faith that must be overcome with evidence").

Moreover, without knowing specifically what Respondent may be seeking, it is also likely that any discovery in this area would be protected under the deliberative process privilege, attorney-client privilege, and/or the attorney work product privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981); *NLRB v. Bldg. & Constr. Trade Council*, 1989 U.S. App. LEXIS 9411, at *3–5 (3d Cir. 1989). For these

RESPONSE AND REPLY TO RESPONDENT'S
OPPOSITION AND MOTION FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 6

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

reasons, courts have repeatedly denied similar discovery requests against agency officials in § 10(j) cases. *See, e.g.*, *Overstreet v. Absolute Healthcare*, No. 2:22cv361 (D. Ariz. June 23, 2022), Doc. No.14 at p. 4 (Order, April 21, 2022) (granting limited discovery, denying deposition of Petitioner); *Overstreet v. Starbucks Corp.*, No.2:22-cv-676 (D. Ariz. June 9, 2022), Doc. No. 20 at pp. 23-24 (Transcript Order denying deposition of Petitioner); *Drew-King v. Amazon.com Serv., LLC*, 1:22-cv-01479-DG-SJB (E.D.N.Y. December 12, 2022), Doc. No. 31, Transcript Order at pp.25-29, 48 (March 30, 2022) (denying deposition of agency officials); *Barker v. Regal Health & Rehab Ctr., Inc.*, 632 F. Supp. 2d 817, 836 (N.D. Ill. 2009) (deposition of Regional Director would not "lead to admissible evidence" or "serve any useful purpose" in court's consideration of whether injunctive relief is just and proper); *D'Amico v. United States Serv. Indus., Inc.,* 867 F. Supp. 1075 1085 n.7 (D. D.C. 1994) ("this case does not provide an appropriate forum for Respondent to question the Board's exercise of its discretion [regarding the filing of 10(j) actions]. The only issue that can be decided by this Court is whether the Board is entitled to Section 10(j) relief in this case."); *McLeod v.Gen. Elec. Co.,* 257 F. Supp. 690, 702 (S.D.N.Y. 1966), *reversed on other grounds* 366 F.2d 847 (2nd Cir.1966) ("it could not comport with the respect owed to the … administrative process … to allow a trial of the regional director's performance of his investigative duties"); *United States v. Electro-Voice, Inc.,* 879 F. Supp. 919, 923 (N.D. Ind. 1995) (precluding depositions of regional director and field examiner in § 10(j) case since it "would be of little or no relevance in light of the limited scope of this court's inquiry"); *D'Amico v. Cox Creek Refining,* 126 F.R.D. 501, 505 (D. Md. 1989) (same); *Boire v. Pilot Freight Carriers, Inc.,* No. 74-262, 1974 U.S. Dist. LEXIS 8359, at *2 (same). Indeed, none of the § 10(j) cases cited by Respondent (Dkt. 41, pp.10-11) have involved this type of discovery against agency officials.

Similarly, Respondent is seeking to conduct discovery on Petitioner's alleged "delay" between the filing of the administrative unfair labor practice charge and the filing of the Petition in this case. (Dkt. 41, p.6).
RESPONSE AND REPLY TO RESPONDENT'S OPPOSITION AND MOTION FOR EXPEDITED DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 7

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

1  Just as with the Board's deliberative process discovery mentioned above, this line of discovery is equally

2  irrelevant and improper.  The facts showing the passage of time are established and undisputed.  The

3  passage of time may be considered by the court and given the appropriate weight, within the legal principles

4  discussed in the parties' papers.  However, the Board's reasons for filing when it filed are irrelevant to the

5  just and proper inquiry at issue in this case.  *See, e.g.*, *Drew-King v. Amazon.com Serv., LLC*, 1:22-cv-01479-

6  DG-SJB (E.D.N.Y. December 12, 2022), Doc. No. 31, Transcript Order at pp.27-29 (March 30, 2022) (denying

7  discovery from agency officials as to the timing of the filing of petition and the reason for delay).  Additionally,

8  as mentioned above, any discovery on this issue is likely to be shielded by privilege concerns.

9        Next, Respondent seeks to engage in problematic discovery over employees' Union preferences, as

10  well as why certain employees did not apply for positions with the reorganized Heritage Market district. (Dkt.

11  41, p.6).  This is also irrelevant for the purposes of evaluating whether the issuance of injunctive relief would

12  be just and proper.  The primary thrust of the Petitioner's case is that the Respondent acted unlawfully when

13  it learned of an organizing campaign at one of its stores, and in an effort to suffocate the nascent organizing

14  campaign, reorganized the stores to artificially dilute the employees into a larger unit that would be more

15  difficult to organize. (Dkt. 22).  Starbucks' illegal conduct effectively ended the organizing drive by disbanding

16  the organizing unit at 1st and Pike and forcing those employees to reapply for positions at the newly created

17  3-store Heritage District.

18        The unlawful effort led to the dismissal of the election petition and, given the impact of the violations,

19  the Union has not filed a new petition for the consolidated stores.  The Petitioner's argument on § 10(j) is that

20  the organizational effort of the employees at the 1st and Pike store is doomed unless the employees are

21  immediately reinstated under the protection of an interim injunction at their original store, because a final

22  Board reinstatement order cannot revive the unlawfully curtailed employee interest in unionization because

RESPONSE AND REPLY TO RESPONDENT'S
OPPOSITION AND MOTION FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 8

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

1  it will not come for years. *See Pye*, 238 F.3d at 75 (interim reinstatement of union supporters appropriate to

2  preserve "spark to unionize"); *Aguayo v. Quadrtech Corp.*, 129 F. Supp. 2nd 1273, 1277-78 (C.D. Cal. 2000)

3  (where employer terminated majority of workforce and moved production to Mexico following vote in favor of

4  union, injunctive relief granted to restore status quo ante); *Bernstein v. Carter & Sons Freightways, Inc.*, 983

5  F. Supp. 994, 997, 1007 (D. Kan. 1997) (where employer subcontracted operations during union organizing

6  campaign and argued that it considered closure prior to the onset of union activities, employer ordered to

7  restore operations and reinstate discriminatees on an interim basis).

8        Discovery into why certain employees, after being unlawfully required to reapply for their own jobs,

9  chose not apply for employment with the Heritage District simply is not relevant to this case. Similarly,

10 discovery into which employees at the legacy 1st & Pike store were likely to have voted for the Union is equally

11 irrelevant. The fact that an organizing campaign existed, and that Respondent attempted to, and absent

12 interim relief effectively and permanently will, squelch it by unlawful means, is the allegation; which or how

13 many employees would have voted for the Union at some hypothetical future time has no weight one way or

14 the other.

15       Finally, Respondent also seeks discovery on Petitioner's request for remedies in this case –

16 specifically "the portions of the Board's prayer for relief requesting that the Court issue an order rescinding

17 establishment of the Heritage Market at 1st and University and Pike Place despite there being no allegations

18 of union activity at those stores." (Dkt. 41, pp.6-7). Aside from Respondent's problematic insinuation that it

19 is again seeking to engage in discovery regarding employees' Union activities, there is nothing relevant to

20 discover regarding the requested remedy. Petitioner's requested remedy is simply a legal argument that

21 flows from the theory of the allegation: that Respondent merged three stores into a single district in order to

22 quash an organizing campaign. Thus, to remedy the unlawful action, Petitioner is simply asking that, on an

RESPONSE AND REPLY TO RESPONDENT'S
OPPOSITION AND MOTION FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 9

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

interim basis, the Heritage Market district be unwound and that the three previous stores that became part of the district be reconstituted as separate store units. Petitioner does not rely on any other evidence, documentary or otherwise, to make the legal argument that the Respondent be ordered to return its stores to the lawful status quo ante.

The interim remedy sought is simply based on the likely appropriate remedy that the Board will order to undo the alleged violation. *See, e.g., NLRB v. Joy Recovery Technology Corp.*, 134 F.3d 1307, 1316 (7th Cir. 1998) (restoration of transportation department the appropriate remedy where employer discriminatorily shuttered transportation department to avoid unionization); *Lear Siegler, Inc.*, 295 NLRB 857, 861 (1989) (restoration is a standard remedy for discriminatory changes in operations "unless the respondent can demonstrate that restoration of the status quo ante is inappropriate"). And, in § 10(j) proceedings, courts typically grant on an interim basis the same relief that is sought in a final Board order in order to protect the efficacy of that final order. *See Frankl v HTH Corp.*, 650 F.3d 1334, 1366 (9th Cir. 2011) (Section 10(j) remedy is often "identical, or at least very similar, to the Board's final order;" it is proper for the district court to enter an order similar to the one the Board will likely enter in this case.); *Morio v. N. Am. Soccer League,* 632 F.2d 217, 218 (2d Cir. 1980) ("the court's fashioning of those remedies typically framed by the Board in an unfair labor practice proceeding is 'just and proper'"). The Union activity at the newly consolidated Heritage District stores, or any other stores for that matter, is irrelevant to the crux of Petitioner's theory and remedy thereto: that Starbucks destroyed a known organizing campaign at one store by merging that unit into a much larger one. Simply stated, The 1st and Pike employees should not be required to restart their campaign from scratch in a new larger unit among employees with whom they did not previously work. Any attempted discovery into Union activities of employees since the unlawful creation of the Heritage District, or at any other stores, is simply not relevant, and Petitioner relies on no other facts for this requested legal remedy.

RESPONSE AND REPLY TO RESPONDENT'S
OPPOSITION AND MOTION FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 10

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

### III. EXPEDITED DISCOVERY, IF GRANTED, SHOULD BE NARROWLY TAILORED AND HAVE A PROPER PURPOSE AS OUTLINED BELOW

Although Petitioner maintains that expedited discovery is inappropriate here, under the "good cause" standards set forth in Petitioner's Motion and Section I above, as well as due to the specific concerns articulated above in Section II, any discovery, if allowed, must be "narrowly tailored" to the purpose of the request and seek "specific, limited, and identifiable pieces of information." *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021). *See St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011); *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 U.S. Dist. LEXIS 1635, at *5 (D. Colo. Jan. 3, 2011). Thus, the second, third, and fourth factors relating to "good cause" (the breadth of the discovery requests, purpose for the request, and burden of compliance) must be evaluated after proposed requests have been submitted for the Court's approval. *See Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 730-31 (S.D.N.Y. 1996).

Moreover, and very importantly, discovery should not be permitted where it would serve to inhibit exercise of employee rights or circumvent the prohibition against pre-hearing discovery in administrative trials before the Board. The policy against discovery is rooted in the "peculiar character of labor litigation" where "witnesses are especially likely to be inhibited by fear of the employer's or—in some cases—the union's capacity for reprisal and harassment." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 240 (1978) (quoting *Roger J. Au & Son, Inc. v. NLRB*, 538 F.2d 80, 83 (3d Cir. 1976)). Accordingly, the Court should vigilantly guard against burdensome discovery that could have the purpose or effect of gaining improper advantages (either in litigation before the Board or a campaign against the Union) or inhibiting exercise of employee rights.

Any discovery should be accompanied by robust protections for confidential information and be conducted in the least burdensome manner possible to achieve its purposes. For example, instead of

RESPONSE AND REPLY TO RESPONDENT'S OPPOSITION AND MOTION FOR EXPEDITED DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 11

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

onerous and intrusive subpoenas for voluminous documents that could contain sensitive information and require time-consuming and contested redactions, a deposition by written questions approved by the Court, *see* Fed. R. Civ. P. 31, could provide specific, limited, and identifiable pieces of information in a targeted manner that has less potential for inhibiting or coercing employees in the exercise of their rights. *See Dorrah v. United States*, 282 F.R.D. 442, 445-46 (N.D. Iowa 2012) (permitting expedited answers to fourteen interrogatories which could be answered by the responding party simply with answers of "yes" or "no"); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 277 (N.D. Cal. 2002) (discovery requests held to be narrowly tailored where party representative was not subjected to a free-ranging deposition); *Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 532 (E.D.N.C. 2005) (requested discovery was not narrowly tailored to obtain information relevant to a preliminary injunction determination where requests covered "a broad range of business practices before and after [individuals] joined the company").

Pursuant to this, should the Court grant discovery, any such discovery should be appropriately limited in time and scope. The scope of any such discovery should be restricted to the just and proper issues. Additionally, discovery should be limited to depositions of the Petitioner's witnesses, *i.e.,* the affiants whose statements accompanied the Petition for Injunctive Relief, with such depositions being limited in duration appropriate to their scope.

The length of the discovery period should reflect the narrow just and proper subjects at issue in this case, and conclude with an evidentiary hearing, as appropriate. This approach would be consistent with the approaches taken by various district courts over the past year that have granted limited, expedited discovery in § 10(j) proceedings. *See Overstreet v. Starbucks Corp.*, 22-cv-00676 (D. Ariz. 2022), Docket No. 16 (depositions limited to 3 hours per witness); *Overstreet v. Absolute Healthcare*, 22-cv-00361 (D. Ariz. 2022), Docket No. 14 (respondent limited to a single deposition of the terminated employee); *Drew-King v.*

RESPONSE AND REPLY TO RESPONDENT'S
OPPOSITION AND MOTION FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 12

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

*Amazon.com Services, LLC*, 22-cv-01479 (E.D. N.Y. March 30, 2022), Docket No. 31 (depositions limited to affiants whose statements accompanied initiating petition; depositions limited to 7 hours per deponent).

Additionally, as discussed above and in further detail in Petitioner's Motion (Dkt. 22, pp.9-10), any broader discovery against nonparty Union agents and employees risks serious infringement of statutory rights, including under *Guess?, Inc.*, 339 NLRB 432 (2003). Indeed, recent cases in which Respondent obtained extensive discovery against nonparty Union and employees have resulted in allegations of *Guess?* violations, with an administrative law judge recently finding most of Respondent's discovery requests in that case unlawful. *Starbucks Corp.*, 2023 NLRB LEXIS 227 (NLRB May 12, 2023). As a result, the cases have been mired for months in unresolved discovery disputes, subverting the statutory priority and purpose of § 10(j) proceedings. *See, e.g., Leslie v. Starbucks Corp.*, 22-cv-478 (W.D. N.Y. June 21, 2022) (Case filed June 21, 2022, rulings on discovery motions still pending); *Poor v. Starbucks Corp.*, 22-cv-07255 (E.D. N.Y. Nov. 30, 2022) (Case filed Nov. 30, 2022, rulings on discovery motions still pending). *Cf. Amazon* discovery transcript pp.11-12, 24, 39, 48 (limiting depositions to Petitioner's four witnesses, denying broader third-party discovery).

**DATED** at Seattle, Washington, this 7th day of August, 2023.

Respectfully submitted,

/s/ Anne Pomerantz
/s/ Kristin E. White
/s/ Sarah McBride
Anne P. Pomerantz, CA Bar 204059; NY Bar 2398428
Kristin E. White, PA Bar 319046
Sarah McBride, CA Bar 268865
National Labor Relations Board
915 2nd Ave, Suite 2948
Seattle, WA 98174
Telephone (206) 220-6300
Fax: (206) 220-6305
Email: Anne.Pomerantz@nlrb.gov

RESPONSE AND REPLY TO RESPONDENT'S
OPPOSITION AND MOTION FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 13

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

Email: Kristin.White@nlrb.gov
Email: Sarah.McBride@nlrb.gov

Counsel for Petitioner

I certify that this memorandum contains 4191 words, in compliance with the Local Civil Rules.

RESPONSE AND REPLY TO RESPONDENT'S OPPOSITION AND MOTION FOR EXPEDITED DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 14

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300

CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System.

/s/ Anne Pomerantz
/s/ Kristin E. White
/s/ Sarah McBride
Anne P. Pomerantz, CA Bar 204059; NY Bar 2398428
Kristin E. White, PA Bar 319046
Sarah McBride, CA Bar 268865
National Labor Relations Board
915 2nd Ave, Suite 2948
Seattle, WA 98174
Telephone (206) 220-6300
Fax: (206) 220-6305
Email: Anne.Pomerantz@nlrb.gov
Email: Kristin.White@nlrb.gov
Email: Sarah.McBride@nlrb.gov

Counsel for Petitioner

RESPONSE AND REPLY TO RESPONDENT'S OPPOSITION AND MOTION FOR EXPEDITED DISCOVERY AND AN EVIDENTIARY HEARING
Civil No. 2:23-cv-01000-LK

Page 15

2948 Jackson Federal Bldg.
915 Second Avenue
Seattle, Washington
(206) 220-6300