The Honorable Lauren King

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD J. HOOKS, Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Respondent. | Case No. 2:23-cv-01000-LK<br><br>**RESPONDENT'S REPLY TO PETITIONER'S RESPONSE AND REPLY TO RESPONDENT'S OPPOSITION AND MOTION FOR EXPEDITED DISCOVERY AND AN EVIDENTIARY HEARING** |

I.      INTRODUCTION

In the first of two primary points that he asserts in his opposition to expedited discovery, Petitioner claims that expedited discovery is unnecessary and will delay the Section 10(j) case. His citing delay as a reason to deny discovery is, in an understatement, ironic, inasmuch as he waited more than a year after the occurrence of the alleged unfair labor practices at issue to file this case. Compounding the effect of that delay, he also exercised his authority as Regional Director not to schedule the administrative hearing until six months after filing the case - despite Sections 102.15 and 102.16 of the NLRB's Rules and Regulations, 29 C.F.R. §§ 102.15 and 102.16, empowering him to file a motion to reprioritize an already scheduled hearing. And add to that if, instead of opposing it, Petitioner had not stood in the way of expedited discovery, whether with or without an agreed-upon protective order, discovery could have already been started and likely would have been

RESPONDENT'S REPLY TO PETITIONER'S RESPONSE AND REPLY TO RESPONDENT'S OPPOSITION AND MOT. FOR EXPEDITED DISCOVERY AND AN EVIDENTIARY HEARING - 1
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

on track for completion before the time Starbucks' motion is decided. (*See Overstreet v. Starbucks Corporation*, 2:22-cv-00676-JJT (D. Az.), ECF 16) (all discovery completed between May 5 and May 24, 2022, just over one month after petition filed). In short, Petitioner cannot reasonably assert expediency as the reason for asking this Court to deny Starbucks the expedited discovery to which it is entitled.

Further, the case law Petitioner cites fails to rebut, and in some cases supports, key points Starbucks makes in favor of expedited discovery: (1) the court has the authority to order expedited discovery, (2) expedited discovery is routinely ordered in Section 10(j) cases, (3) "good cause" is not the standard for expedited discovery in this case, and (4) absent an outright dismissal of the Petition, expedited discovery should be granted for a number of reasons, including that Petitioner brought this action without the benefit of a fully developed administrative record on the underlying unfair labor practice charges, where, if he had, credibility conflicts and key legal issues concerning the merits of the unfair labor practice charge would have already been addressed. Instead, he tries to pass off the administrative record in a representation proceeding as the "administrative record and affidavits" that all his case cites say he needs at a minimum to try to bypass discovery. The representation case record is no substitute because that proceeding failed to test the merits of the allegations in the underlying charges. Likely seeking to compensate for this deficiency, Petitioner accuses Starbucks of discounting that the affidavits upon which he relies in this case were collected as part of his investigation. To that point, however, Petitioner fails to mention that the NLRB's Case Handling Manual instructs Regional Directors to issue a complaint despite the presence of unresolved credibility conflicts, even those which may affect their merit determination. *See NLRB Case Handling Manual* § 10064 (https://www.nlrb.gov/sites/default/files/attachments/pages/node-174/ulp-manual-july2023.pdf) ("If, after applying the principles set forth above, the Regional Office is unable to resolve credibility conflicts on the basis of objective evidence regarding matters which would affect the Regional Office's merit determination, a complaint should issue, absent settlement"). This makes the Petition based largely upon untested and self-serving hearsay affidavits

RESPONDENT'S REPLY TO PETITIONER'S RESPONSE AND REPLY
TO RESPONDENT'S OPPOSITION AND MOT. FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING - 2
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

containing unresolved credibility conflicts, and a record of the representation hearing that does not address the legal or factual issues presented here. That is hardly a reliable basis upon which to issue an injunction.

Second, Petitioner speculates that discovery will delve into subjects that are privileged and/or not relevant. In doing so, however, Petitioner: (1) fails to apply the proper standard for relevance; (2) asserts supposed privileges that the Court does not recognize in Section 10(j) cases, such as union-employee communications; (3) ignores the Court's long-established process for addressing discovery covered by recognized privileges, such as the attorney-client privilege; and (4) asks the Court to do what the Federal Rules of Civil Procedure and Evidence forbid – i.e., broadly exclude discovery of otherwise relevant evidence in lieu of issuing a suitable protective order.

It may be that, seeing the holes in Petitioner's case, the Court dismisses the Petition outright without discovery. However, short of that result, expedited discovery is necessary to determine whether Section 10(j) relief is just and proper under *Winter*.

## II.   ARGUMENT

### A.   Petitioner's Supposed Concerns About Expedited Discovery Delaying the Section 10(j) Case Ring Hollow

Ironically, in *Care One, LLC, et al. v. National Labor Relations Board*, 3:23-cv-00831 (D. Conn.), the NLRB supported the same delay argument that it argues against here. There, a group of Connecticut nursing homes filed a lawsuit seeking to enjoin the NLRB from prosecuting certain unfair labor practice charges based on Constitutional harms. Like here, the case for an injunction in *Care One* turns on the *Winter* factors, including irreparable harm. There, however, the NLRB has aligned itself with Starbucks' arguments here by asserting that plaintiffs' delay in seeking the injunction undercuts a showing of irreparable harm under *Winter*. Specifically, the NLRB argues that plaintiff's "delay in bringing [the claim for an injunction] at least suggests that [p]laintiffs have not been experiencing real harm – particularly 'irreparable harm' requiring expedited judicial intervention." Petitioner, thus, cannot so quickly dismiss the issues that his delay creates here, nor

RESPONDENT'S REPLY TO PETITIONER'S RESPONSE AND REPLY
TO RESPONDENT'S OPPOSITION AND MOT. FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING - 3
CASE NO. 2:23-CV-01000-JK

Littler Mendelson, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

can he reasonably cite expediency as a basis for denying expedited discovery in this case. *See Lydo Enters v. Las Vegas,* 745 F.2d 1211, 1214 (9th Cir. 1984) ("a preliminary injunction is sought upon the theory that there is an urgent need for speedy action to protect plaintiff's rights. By sleeping on its rights, a plaintiff demonstrates the lack of need for speedy action"); *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (*en banc*) (five month delay undercuts irreparable harm).

### B. The "Good Cause" Standard Does Not Apply to Expedited Discovery in Section 10(j) Cases

Petitioner's reliance upon two non-Section 10(j) cases, *Wilmington Trust Co. v. Boeing Co.*, 2020 U.S. Dist. LEXIS 127179 (W.D. Wash. 2020) and *Amazon.com Inc. v. Kitsenka,* 2023 U.S. Dist. LEXIS 89069 (W.D. Wash. 2023), to attempt to place upon Starbucks a heightened "good cause" standard for expedited discovery in a Section 10(j) case, is misplaced. In *Wilmington Trust,* the court held that "to deviate from the standard pretrial schedule," including conducting discovery prior the Rule 26(f) conference, the moving party must show "good cause." In that case, however, there was no pending preliminary injunction, a factor that weighed against "good cause" and contributed to the court's decision to deny plaintiff's discovery motion. *Id*. at * 5. *Amazon.com*, involved a suit for damages and an injunction (not a preliminary injunction), and the court granted the motion for expedited discovery so that plaintiffs could ascertain the identities of defendants alleged to have sold counterfeit products. These cases are entirely at odds with this case, which seeks a temporary injunction and does not have an established pre-trial discovery schedule and/or mandatory conference under the Federal Rules.

Rather, as a proceeding on a claim for a temporary injunction, Section 10(j) cases are given expedited consideration under 28 U.S.C. § 1657. Being given expedited consideration takes 10(j) cases outside the normal discovery rubric established by Fed. R. Civ. P. 26(d)(1), which provides that: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." The explanatory comments to the

RESPONDENT'S REPLY TO PETITIONER'S RESPONSE AND REPLY
TO RESPONDENT'S OPPOSITION AND MOT. FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING - 4
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1993 amendments to this rule provide that court authorization for discovery prior to the Rule 26(f) conference is "appropriate in some cases, such as those involving requests for a preliminary injunction." Therefore, expedited discovery is appropriate in preliminary injunction cases, such as this, upon authorization from the Court.

**C. Petitioner's Arguments Against Expedited Discovery Do Not Withstand Scrutiny**

Petitioner elected to file this Section 10(j) case prior to the completion of the administrative hearing. Doing so not only deprives the Court of the benefit of having an administrative record to reference, it makes this case immediately distinguishable from the Section 10(j) cases Petitioner cites that were decided without discovery following the conclusion of the administrative hearing. *See for example, Garcia v. Fallbrook Hosp.*, 952 F.Supp. 2d 937 (S.D. Cal. 2013); *Kreisberg v. Healthbridge Mgmt., LLC*, 2012 U.S. Dist. LEXIS 177699, * 14 (D. Conn. 2012); *Barker v. A.D. Conner, Inc.*, 807 F. Supp.2d 707, 711 (N.D. Ill. 2011) (administrative hearing completed before Section 10(j) decided); *Overstreet v. NP Red Rock, LLC*, 2021 U.S. Dist. LEXIS 134802 (D. Nev. 2021) (partial record).

Likely attempting to compensate for this shortcoming, Petitioner is forced to understate his Section 10(j) burden while overstating the value of the affidavits upon which he relies. With respect to his burden, reasonable likelihood of success on the merits is defined in the Ninth Circuit as "a function of the probability that the Board will issue an order determining that the unfair labor practices alleged by the Regional Director occurred and that this Court would grant a petition enforcing that order, if such enforcement were sought." *Frankl v. HTH Corp.*, 650 F.3d 1334, 1356 (9th Cir. 2011). In Sections 10(e) and (f) of the NLRA, Congress defined "substantial evidence" as the threshold showing required for judicial enforcement of a Board order. 29 U.S.C. §§ 160(e) and (f). Therefore, Petitioner cannot prevail here simply by flashing "some evidence" and an arguable legal theory. Further, and contrary to his assertion, district courts in Section 10(j) cases *do weigh* the reliability of the evidence underlying the injunction. *See, Overstreet v. NP Red Rock, LLC*, 2021

RESPONDENT'S REPLY TO PETITIONER'S RESPONSE AND REPLY TO RESPONDENT'S OPPOSITION AND MOT. FOR EXPEDITED DISCOVERY AND AN EVIDENTIARY HEARING - 5
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

U.S. Dist. LEXIS 134802, * 29-30 (Dist. Nev. 2021) (finding petitioner's email evidence of discrimination "unreliable" and dismissing Section 8(a)(3) allegation for failure to demonstrate likelihood of success on the merits).

Petitioner's citation to *Hooks v. Nexstar Broad, Inc.*, 54 F.4th 1101 (9th Cir. 2022) only strengthens Starbucks' motion for expedited discovery. There, the Ninth Circuit rejected the notion that *Frankl* imposed a mandatory presumption of irreparable harm following the district court's finding of likelihood of success on the merits. Rather, *Frankl* established that while a district court may infer irreparable harm based upon the nature of a particular unfair labor practice, such inferences "are, by definition, neither mandatory nor binding on a court." *Id*. at 1117 (internal quotations removed). The Ninth Circuit further explained:

> A court making "permissible inferences" when a Regional Director attempts to demonstrate a likelihood of irreparable harm may rely on the same evidence the Regional Director used to demonstrate a likelihood of success on the merits because some evidence may have probative value for both inquiries. *See Frankl*, 650 F.3d at 1363 (explaining that in assessing the likelihood of irreparable harm, the district court may consider "[t]he same evidence and legal conclusions" [**34] that were relevant to likelihood of success on the merits, "along with permissible inferences"); *see also Avanti Health*, 661 F.3d at 1195 (same). But the inquiries into likelihood of success on the merits and likelihood of irreparable harm are distinct even if the same facts can be used to show both. Thus, a court is free to determine that the Regional Director is likely to succeed on the merits of an unfair labor practice claim, and at the same time is not entitled to preliminary injunctive relief because there is inadequate evidence that the union is likely to suffer irreparable harm. A permissible inference, as adopted in *Frankl*, does not change the Regional Director's burden of demonstrating likely irreparable harm, and the district court must make a finding of irreparable harm that is based on evidence in the record. The burden of proving the existence of "a present or impending deleterious effect of the likely unfair labor practice that would likely not be cured by later relief," *Frankl*, 650 F.3d at 1362, remains with the Regional Director.

*Id*. at 1117.

Here, Petitioner asks the Court to rely upon the same batch of hand-picked untested affidavits to find likelihood of success and to infer irreparable harm. If the Court indulges Petitioner's request, something which it is not obligated to do, expedited discovery is needed to test the reliability of

RESPONDENT'S REPLY TO PETITIONER'S RESPONSE AND REPLY
TO RESPONDENT'S OPPOSITION AND MOT. FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING - 6
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

those affidavits for determining both likelihood of success and alleged irreparable harm. Because this case precedes the administrative hearing, expedited discovery will be the first and only opportunity Starbucks has to do so in this Section 10(j) case. Petitioner's "err on the side of a complaint" approach to handling unresolved credibility disputes when deciding whether to issue the Consolidated Complaint underlying this Section 10(j) case only further drives home the point that the affidavits should not be accepted at face value.

### D. Petitioner's Arguments That the Discovery Starbucks Seeks is Privileged, Irrelevant or Both Is Not Compelling

Laches is an equitable defense in a preliminary injunction case. Among other things, it involves showing "(1) delay in asserting a right or claim, (2) that was inexcusable, and (3) that prejudiced the defendant." *Kobell v. Suburban Lines,* 731 F.2d 1076, 1101 (3rd Cir. 1984). Further, courts recognize that "the right to injunctive relief presumes timely NLRB administrative processes." *Id.* at 1102. *See also, Eisenberg v. Hartz Mountain Corp.,* 519 F.2d 138, 144 (3rd Cir. 1975) ("a pledge of expeditious administrative action is necessarily implicit in a petition for a Section 10(j) injunction"). Likewise in *Seeler v. H.G. Page & Sons, Inc.,* 540 F.Supp. 77, 79 (S.D. N.Y. 1982), the court held, "I do not believe any additional unit erosion will occur in the next month that the Board has not already deemed permissible by waiting four months to come into federal court" and while "Congress may have enacted 10(j) to compensate for an admittedly slow administrative adjudication process, [] it did not intend to countenance delay in requesting interim injunctive relief." Therefore, contrary to what he claims, Petitioner's reason for the delay in seeking interim injunctive relief and for delaying scheduling the administrative hearing is not irrelevant and is an appropriate subject for discovery in this case. (Dkt. 54, at 8). Likewise, taking the deposition of a regional director in a Section 10(j) case is not so extraordinary. See *Sperandeo v. Milk Drivers and Dairy Employees Local Union No. 537,* 334 F.2d 381 (10th Cir. 1964) (affirming district court's dismissal of a 10(j) petition based upon the petitioning regional director's refusal to produce documents subpoenaed, and submit to a deposition noticed, by the respondent on terms established by the

RESPONDENT'S REPLY TO PETITIONER'S RESPONSE AND REPLY
TO RESPONDENT'S OPPOSITION AND MOT. FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING - 7
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

district court); *Lineback v. Coupled Prods.,* LLC, 2012 U.S. Dist. LEXIS 89835 (N.D. Ind. 2012) (sanctioning NLRB for refusing to produce regional director or an appropriate substitute for deposition in a Section 10(j) case).

By arguing that discovery concerning employee support for the Union at the Heritage Market stores is irrelevant, Petitioner veers from the broad standard of relevance under the Federal Rules. Federal Rule 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case. . . ." Rule 401 of the Federal Rules of Evidence broadly provides that "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Demonstrating the existence and degree of alleged "chill" is Petitioner's burden in a Section 10(j) case, including on the element of irreparable harm. There can be no "chill" if support for Workers United at 1st & Pike was negligible prior to the creation of Heritage Market and/or non-existent at Pike Place and 1st & University, as Petitioner's affidavits suggest. Likewise, Starbucks may defend itself by showing that the supposed chill was attributable to something other than the alleged unfair labor practices at issue here. Therefore, employee support for Workers United at the Heritage Market stores is relevant, and fair game for discovery.

Further undercutting Petitioner's relevance argument is that he assumes he has shown likelihood of success on the merits (when he has not), and then instructs the Court to presume irreparable harm based on the nature of the alleged unfair labor practices. That is, Petitioner does what *Nexstar* said is impermissible, and then takes it a step further by arguing that Starbucks gets no defense. It is Petitioner's position that is not defensible. Where alleged "chill" of union support is a key issue put in play by Petitioner, and he doubles down by describing the organizational effort at 1st & Pike as "doomed" without Section 10(j) relief, discovery into that subject is relevant under Fed. R. Civ. P. 26(b)(1). Similarly, Petitioner's unsupported assertion that the employees at 1st & Pike would have supported Workers United, successfully organized that store, and then influenced their peers, goes to the element of irreparable harm and likewise warrants discovery. (Dkt. 54, at 9).

RESPONDENT'S REPLY TO PETITIONER'S RESPONSE AND REPLY
TO RESPONDENT'S OPPOSITION AND MOT. FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING - 8
CASE NO. 2:23-CV-01000-JK

Littler Mendelson, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

Building an improper presumption upon an unsupported conclusion, Petitioner then claims that discovery into the appropriateness of the remedies Petitioner is seeking is irrelevant because they are remedies the Board will order anyway. (Dkt. 54, at 10). While it is true that a restoration order is available to the Board *assuming* Petitioner prevails before the Board and a court of appeals, it does not automatically follow that restoration is just and proper interim relief in this Section 10(j) case, particularly when, such as here, Petitioner's case rests upon conclusory allegations of alleged chill.

Finally, Petitioner argues that employee support for Workers United at Heritage Market is privileged. While Starbucks does not agree with that contention, it is sufficient to say at this point that the Court is well-equipped to deal with alleged privilege issues in accordance with the processes baked into the Federal Rules of Civil Procedure. Petitioner's supposed concern is not a basis to wholesale deny Starbucks discovery.

### E. Petitioner's Proposal to Limit Discovery is Premature

Petitioner asks the Court to place speed over substance and deny or limit discovery because it has led to discovery disputes in other Section 10(j) cases. The irony is that those discovery disputes were triggered not by Starbucks, but by, in one case, refusals by the Board and the charging party union to comply with court-ordered discovery, and, in the other case, by the Board's agreeing to and then backing out of a protective order, leaving it to the Court to decide what discovery to permit and giving the Board and the union another opportunity to refuse to comply. In other words, Petitioner's request that the Court deny Starbucks discovery is based upon discovery disputes in other cases for which the charging party union and it were responsible. The request, thus, seeks to reward their blatant disregard for the authority of the district courts over the discovery process. (*Leslie v. Starbucks Corp.,* Case No. 1:22cv478 (W.D. N.Y. 2022); *Poor v. Starbucks Corp.,* Case No. 1:22cv07255 (E.D. N.Y. 2022).

Further, Petitioner's request to limit discovery to avoid infringing upon the rights of non-parties amounts to a premature request to quash discovery requests that have not been and could not

RESPONDENT'S REPLY TO PETITIONER'S RESPONSE AND REPLY
TO RESPONDENT'S OPPOSITION AND MOT. FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING - 9
CASE NO. 2:23-CV-01000-JK

Littler Mendelson, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

be made at this point in the case.

## III. CONCLUSION

Petitioner asks the Court to abandon its Article III function and accept at face value Petitioner's portrayal of Starbucks as a violator of federal labor law without subjecting the allegations upon which it relies to appropriate scrutiny. By not opposing Starbucks' request for an evidentiary hearing, Petitioner's opposition to discovery is tantamount to conceding Starbucks can have its day in court but should be denied the due process right to be meaningfully prepared. Discovery is not unusual and is appropriate to illuminate all the evidence the Court must consider in a 10(j) case. Surely, the parties, with the assistance of the Court (if necessary), can expeditiously conduct discovery and conduct a hearing on these issues, especially when compared to Petitioner's year-long delay in filing the Petition.

For all of the foregoing reasons, Starbucks respectfully requests that the Court grant its Motion for Expedited Discovery and an Evidentiary Hearing.

//
//
//
//
//
//
//
//
//
//
//
//
//

RESPONDENT'S REPLY TO PETITIONER'S RESPONSE AND REPLY
TO RESPONDENT'S OPPOSITION AND MOT. FOR EXPEDITED
DISCOVERY AND AN EVIDENTIARY HEARING - 10
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

Dated: August 11, 2023

I certify that this memorandum contains 3,311 words, in compliance with the Local Civil Rules.

*s/Ryan P. Hammond*
Ryan P. Hammond, WSBA #38888
rhammond@littler.com
Derek Bishop, WSBA #39363
debishop@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Telephone:   206.623.3300
Facsimile:    206.447.6965

Adam P. Tuzzo (*pro hac vice*)
Jonathan Levine (*pro hac vice*)
LITTLER MENDELSON, P.C.
111 East Kilborn Ave., Suite 1000
Milwaukee, WI 53202
Telephone: (414) 978-4606
atuzzo@littler.com
jlevine@littler.com

Jeffrey S. Hiller (*pro hac vice*)
David A. Kadela (*pro hac vice*)
LITTLER MENDELSON, P.C.
41 South High St., Suite 3250
Columbus, OH 43215
Telephone: (614) 463-4230
jhiller@littler.com
dkadela@littler.com

Attorneys for Respondent

RESPONDENT'S REPLY TO PETITIONER'S RESPONSE AND REPLY TO RESPONDENT'S OPPOSITION AND MOT. FOR EXPEDITED DISCOVERY AND AN EVIDENTIARY HEARING - 11
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, WA 98101. I hereby certify that on August 11, 2023, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

**Attorneys for Petitioner**

Anne P. Pomerantz
Kristin E. White
Sarah McBride
National Labor Relations Board
915 2nd Ave., Suite 2948
Seattle, WA 98174
Tel: 206-220-6301
Anne.pomerantz@nlrb.gov
Kristin.white@nlrb.gov
Sarah.mcbride@nlrb.gov

**Attorneys for Intervenor**

Dmitri Iglitzin, WSBA #17673
Marina Multhaup, WSBA #58877
Barnard Iglitzin & Lavitt LLP
18 W. Mercer St., Suite 400
Seattle, WA 98119
Tel: 206-257-6003
iglitzin@workerlaw.com
multhaup@workerlaw.com
woodward@workerlaw.com

I certify under penalty of perjury under the laws of the United States and of the State of Washington that the foregoing is true and correct.

Dated this 11th day of August, 2023.

*s/ Karen Fiumano Yun*
Karen Fiumano Yun
kfiumano@littler.com
**LITTLER MENDELSON, P.C.**

RESPONDENT'S REPLY TO PETITIONER'S RESPONSE AND REPLY TO RESPONDENT'S OPPOSITION AND MOT. FOR EXPEDITED DISCOVERY AND AN EVIDENTIARY HEARING - 12
CASE NO. 2:23-CV-01000-JK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300