1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD K. HOOKS,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>STARBUCKS CORPORATION,<br><br>　　　　　　　Respondent. | CASE NO. 2:23-cv-01000-LK<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF |

This matter comes before the Court on Defendant Starbucks Corporation's Motion for Relief in Response to Petitioner's Improperly Amended Filing. Dkt. No. 66. The Court grants the motion for the reasons set forth below.

### I.  BACKGROUND

On September 11, 2023, the Court ordered Petitioner Ronald K. Hooks, Regional Director of the Nineteenth Region of the National Labor Relations Board, to refile his Petition for a Preliminary Injunction because the petition did not comply with Local Civil Rule 10(e)(6), which requires that "[c]itations to documents already in the record, including declarations, exhibits, and any documents previously filed, must include a citation to the docket number and the page number

ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF - 1

1  (e.g., Dkt. # __ at p. __)[.]" Dkt. No. 62; *see* Dkt. No. 22 (Petition for a Preliminary Injunction).
2  Despite that requirement, Petitioner had cited to his thousands of pages of previously filed exhibits
3  as PX X:XX, with the first variable being the exhibit number and the second being citations to
4  page numbers. *Id.* (citing Dkt. No. 22 at 12 n.1). The Court specifically ordered Petitioner to "refile
5  his petition with compliant citations (Dkt. # __ at p. __, with page numbers that refer to the
6  pagination in the ECF filing header at the top of the documents)." *Id.*

7  Petitioner filed an amended petition and stated that he was "correcting the citations to
8  correspond with the Court's docket numbers assigned." Dkt. No. 63 at 12. Starbucks moved to
9  strike the amended petition, arguing that it included unauthorized edits and that Starbucks had been
10 prejudiced because it was (1) "required to expend substantial time and resources identifying the
11 true scope and nature of the unauthorized amendments contained in the Revised Petition, including
12 manually reviewing each of the numerous citations to exhibits to verify that no additional cites
13 have been added or existing cites otherwise changed," and (2) "deprived of the opportunity to
14 respond to the unauthorized amendments in the Revised Petition" since the matter had been fully
15 briefed. Dkt. No. 66 at 7.

## II.   DISCUSSION

17 Starbucks asks the Court to issue an order striking Petitioner's Revised Petition and
18 requiring him to refile it in a manner consistent with the Court's September 11, 2023 Minute Order.
19 *Id.* at 2. Starbucks further requests sufficient opportunity to review the next document for
20 unauthorized changes after it has been refiled, and any additional "relief the Court may deem
21 appropriate." *Id.*

22 Petitioner responded that "the modifications of the citation formatting resulted in the
23 Petition (again) exceeding the 8,400-word limit set by Local Rule 7(e)," and "further revision of
24 the document was required to bring it under 8,400 words without changing the substance." Dkt.

No. 67 at 3. Petitioner also explained that he added a citation to one decision and removed the citation to another based on an August 28, 2023 decision by the National Labor Relations Board. *Id.* at 3–4.

The Court's order required Petitioner to "refile" his petition with corrected citations to comply with Local Civil Rule 10(e)(6). Dkt. No. 62. An order directing a litigant to *refile* a document with citation corrections is not a license to instead *revise* the petition. By making substantive changes to his petition, Petitioner violated the Court's order. For example:

- The original petition, Dkt. No. 22 at 17, states that Borton "set a target launch date for the HD of July 3-5, 2022, by which time most of the staff was supposed to be hired and trained, **and any necessary store renovations or upgrades would be complete.**" (emphasis added)). The revised petition, Dkt. No. 63 at 18, states that Borton "set a target launch date for the HD of July 3-5, 2022, by which time most of the staff was supposed to be hired and trained, **despite the fact multiple store renovations or upgrades were needed**" (emphasis added)).

- In its motion, Starbucks lists numerous substantive changes Petitioner made. Dkt. No. 66 at 5–7.

- Petitioner broadened his allegation that three specific "pro-Union employees" were allegedly asked improper interview questions to allege that employees "including," but apparently not limited to, the named three were asked those questions. *Compare* Dkt. No. 22 at 18, *with* Dkt. No. 63 at 19.

Petitioner's representation that he was simply "correcting the citations to correspond with the Court's docket numbers assigned," Dkt. No. 63 at 12, was therefore untrue. Petitioner strayed far beyond the edits permitted by the Court's prior order. He did not seek leave of the Court to amend his petition, and instead apparently wished the Court to review an amended petition to

ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF - 3

which no one had an opportunity to respond.[1] Rather than acknowledge his misconduct in response to Starbucks' motion, Petitioner asks the Court to deny the motion, as if it were somehow acceptable to unilaterally and surreptitiously amend a petition without notice to the Court or opposing parties. *See* Dkt. No. 67 at 3–5 (attempting to justify the "de minimus" changes made to the Petition that went beyond the bounds of the Court's order). Petitioner even goes so far as to state that his "changes were made in the interest of maximum transparency and accuracy." *Id.* at 5.

Petitioner's conduct falls below the standard expected in this Court. As stated in the introduction to the Local Civil Rules, "[t]he judges of this district expect a high degree of professionalism from the lawyers practicing before them." And:

> [a]n attorney or party who without just cause fails to comply with . . . an order of the court, or who presents to the court . . . unwarranted opposition to motions, . . . or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.

LCR 11(c). For the reasons set forth above, Petitioner's conduct constitutes a violation of the Court's order and a breach of the Court's trust. His opposition to the motion inexplicably doubles down on his misdeeds by asking the Court to simply consider his unauthorized post hoc changes and disallow any response to his modifications. But deprivation of an opportunity to respond to Petitioner's changes prejudices Starbucks.

The Court also notes that this is not the first time Petitioner has violated the Court's rules. *See* Dkt. No. 17 (striking Petitioner's filings because they did not comply with various Local Rules, including but not limited to Local Civil Rule 7(b)(1)).

---

[1] If Petitioner wished to amend his petition, he should have filed a proper motion to amend pursuant to Federal Rule of Civil Procedure 15 and Local Civil Rule 15. And if he wished to bring supplemental authority to the Court's attention, he should have filed a Notice of Supplemental Authority that complies with Local Civil Rule 7(n).

ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF - 4

However, before the Court imposes sanctions on Petitioner for the conduct that necessitated Starbucks' motion, it will provide Petitioner an opportunity to show cause why sanctions should not be imposed.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Starbucks' motion for relief, Dkt. No. 66, STRIKES Petitioner's amended petition, Dkt. No. 63, and ORDERS Petitioner to file by October 16, 2023 a compliant petition that does not include any changes to the operative petition, Dkt. No. 22, other than formatting citations to comply with Local Civil Rule 10(e)(6) and the Court's Standing Order for All Civil Cases. Dkt. No. 16 at 5 ("**[T]he Court does not allow citations in footnotes or endnotes**, with the exceptions of citations for explanatory and supplemental information."). The amended petition must be docketed as a praecipe (not a motion) and accompanied by a declaration, sworn under penalty of perjury under 28 U.S.C. § 1746(2), that (1) certifies that Petitioner has changed only the citation formats in his previously filed petition, Dkt. No. 22, and nothing else; and (2) specifically identifies the portion of the petition that is overlength. The Court will not consider any overlength portion. By October 20, 2023, Starbucks may file an objection if it believes that the corrected petition contains unauthorized changes.

The Court also ORDERS Petitioner to show cause by October 16, 2023 why the Court should not impose sanctions on him in the form of an attorney fee award to Starbucks for the fees it incurred in preparing its motion.

Dated this 12th day of October, 2023.

*Lauren King*
Lauren King
United States District Judge