UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD K. HOOKS,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>STARBUCKS CORPORATION,<br><br>　　　　　　　　　Respondent. | CASE NO. 2:23-cv-01000-LK<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND CAUTIONING AGAINST FUTURE VIOLATIONS |

On October 12, 2023, the Court granted Starbucks' Motion for Relief in Response to Petitioner's Improperly Amended Filing, struck Petitioner's amended petition, and ordered Petitioner to show cause why the Court should not impose sanctions on him in the form of an attorney fee award to Starbucks for the fees Starbucks incurred in preparing its motion. Dkt. Nos. 66, 68. The Order explained that although the Court ordered Petitioner to "refile" his petition with corrected citations to comply with Local Civil Rule 10(e)(6), Petitioner filed a revised version that included substantive changes without obtaining leave to amend. Dkt. No. 68 at 3. The Court further explained that Petitioner represented that he was simply "correcting the citations to correspond with the Court's docket numbers assigned," but that statement was untrue. *Id.* (quoting Dkt. No.

ORDER DISCHARGING ORDER TO SHOW CAUSE AND CAUTIONING AGAINST FUTURE VIOLATIONS - 1

63 at 12). His unauthorized, substantive changes to the petition violated the Court's prior Order, Dkt. No. 62, and surreptitiously amended the petition without notice to the Court or to the opposing party. Rather than simply acknowledging the mistake and withdrawing the amended petition, Petitioner claimed that the unauthorized "changes were made in the interest of maximum transparency and accuracy." Dkt. No. 67 at 5. This was not the first time Petitioner violated the Court's rules. Dkt. No. 68 at 4 (citing Dkt. No. 17).

The Order also required Petitioner to file an amended petition by October 16, 2023 with a declaration, sworn under penalty of perjury under 28 U.S.C. § 1746(2), that (1) certified that Petitioner has changed only the citation formats in his previously filed petition, Dkt. No. 22, and nothing else; and (2) specifically identified the portion of the petition that is overlength. Dkt. No. 68 at 5. Petitioner timely filed an amended petition and declaration stating that his unauthorized changes to the petition were not made in bad faith but were an attempt to comply with the word count limitation in the Local Civil Rules and "to provide the most updated relevant authority and avoid a potential misrepresentation of current relevant case law." Dkt. Nos. 70 at 2–3 *see also* Dkt. Nos. 69, 69-1, 69-2.[1] Petitioner also states that he "now" knows how to file supplemental authority and overlength documents; that statement is not well taken when all attorneys practicing before this Court are required to be familiar with the Court's rules, Dkt. No. 70 at 3; LCR 83.3(a).

Nevertheless, now that Petitioner has filed an amended petition removing the unauthorized changes, Dkt. No. 69-1, the Court DISCHARGES its order to show cause without prejudice to Starbucks' ability to bring an appropriate motion for fees or other sanctions. However, Petitioner should not construe the Court's declining to impose sanctions as an indication that his conduct was

---

[1] The Court's Order also stated that by October 20, 2023, Starbucks could file an objection if it believed that the corrected petition contained unauthorized changes. Dkt. No. 68 at 5. Starbucks did not file an objection.

ORDER DISCHARGING ORDER TO SHOW CAUSE AND CAUTIONING AGAINST FUTURE VIOLATIONS - 2

acceptable. It was not. Petitioner's conduct fell well below the standard the Court expects, and continued misconduct may result in sanctions, including but not limited to a terminating sanction.

Dated this 23rd day of October, 2023.

*Lauren King*

Lauren King
United States District Judge