1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

| | |
|---|---|
| RONALD K. HOOKS, | CASE NO. 2:23-cv-01000-LK |
| Petitioner, | ORDER DENYING MOTION TO INTERVENE AND GRANTING ALTERNATE REQUEST TO PARTICIPATE AS AMICUS CURIAE |
| v. | |
| STARBUCKS CORPORATION, | |
| Respondent. | |

16      This matter comes before the Court on Workers United's Motion for Leave to Intervene

17 or, in the Alternative, to Participate as Amicus Curiae. Dkt. No. 32. Workers United (the "Union")

18 moves to intervene in this action initiated by Petitioner Ronald K. Hooks, Regional Director of the

19 Nineteenth Region of the National Labor Relations Board, against Starbucks seeking preliminary

20 injunctive relief under Section 10(j) of the National Labor Relations Act ("NLRA"). Alternatively,

21 the Union requests to participate as amicus curiae. For the reasons set forth below, the Court denies

22 the motion to intervene but grants the alternative request to participate as amicus curiae.

23
24

# I.   BACKGROUND

Petitioner filed this action in July 2023 seeking an injunction against Starbucks under Section 10(j) of the NLRA. Dkt. Nos. 1, 22, 69-1.[1] The Board claims that after Starbucks' employees began union-organizing activities at several downtown Seattle Starbucks locations, including its Pike Place flagship store and a nearby store at 1st and Pike, "Starbucks responded by engaging in a campaign of unlawful conduct[.]" Dkt. No. 69-1 at 13. Those efforts culminated with Starbucks consolidating those two stores and a third nearby store into a new "Heritage District." *Id.* at 16. Employees hired to work at Heritage District stores would rotate working through all three stores and receive specialized training and higher pay. *Id.* at 17. All candidates were required to apply for positions in the Heritage District stores, including employees who already worked at one of those stores. *Id.*

On June 6, 2022, before consolidation occurred, the Union filed a petition seeking to represent employees at the 1st and Pike store. *Id.* at 18. The Board contends that Starbucks discriminated against Union supporters in its interviews and hiring for the Heritage District and forced many Union supporters to transfer or quit. *Id.* at 18–22*; see also id.* at 19 ("The vast majority of those who openly supported the Union and/or participated in the strike were not selected for the [Heritage District]."). Because Starbucks was integrating the Heritage District stores into a single entity, "the Union's representation petition . . . had to be dismissed without prejudice because [the] novel and uncertain nature of actual employee interchange within the H[eritage] D[istrict] made it unclear whether the 1[st] & Pike Store remained an independent entity for which a standalone [bargaining] [u]nit was appropriate." *Id.* at 22.

---

[1] The National Labor Relations Board (the "Board" or "NLRB") "enjoys primary jurisdiction over labor disputes, subject only to narrow judicial review." *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950, 957 (9th Cir. 2010). "Section 10(j) of the NLRA, however, permits the NLRB to petition a federal district court 'for appropriate temporary relief or restraining order' pending the Board's resolution of an unfair labor practice charge." *Id.* (quoting 29 U.S.C. § 160(j)).

Between June 2022 and February 2023, the Union filed four unfair labor practice charges and two amended charges against Starbucks. *Id.* at 11. The Board determined that there was reasonable cause to believe that Starbucks "is engaging in unfair labor practice conduct in violation of §§ 8(a)(1) and (3) of the [NLRA.]" *Id.* at 12 (citing 29 U.S.C. §§ 158(a)(1), (a)(3)). The Board consolidated the cases and scheduled an administrative hearing to begin December 12, 2023 before an administrative law judge. *Id.*

Meanwhile, on July 6, 2023, the Board filed a petition in this case for preliminary injunctive relief under Section 10(j), followed by amended motions for that relief. Dkt. Nos. 1, 22, 69-1. The Union also filed this motion stating that it "seeks to intervene for the purposes of participating in discovery and presenting evidence and arguments to the Court." Dkt. No. 32 at 5.[2]

## II.   DISCUSSION

Federal Rule of Civil Procedure 24 allows for both mandatory and permissive intervention. The Union seeks both types of intervention under Rules 24(a) and 24(b), respectively.

### A.      Rule 24(a): Mandatory Intervention

Rule 24(a) requires courts to permit intervention, "[o]n timely motion," by anyone who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). In the latter circumstance, a nonparty is entitled to intervene when it "(i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be

---

[2] The parties dispute whether any discovery should be allowed, and the Court has not yet ruled on their competing motions to preclude or allow discovery. Dkt. Nos. 19, 41.

ORDER DENYING MOTION TO INTERVENE AND GRANTING ALTERNATE REQUEST TO PARTICIPATE AS AMICUS CURIAE - 3

adequately represented by existing parties." *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020); *see also Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (explaining that in evaluating timeliness, courts consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." (cleaned up)). A proposed intervenor has a significantly protectable interest if "(1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims." *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 827 (9th Cir. 2021) (cleaned up); *accord Citizens for Clean Air v. Regan*, No. C22-1382-RSL, 2023 WL 130486, at *1 (W.D. Wash. Jan. 9, 2023).

To evaluate the adequacy-of-representation element, courts in this circuit consider three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). "[T]he requirements in Rule 24(a) are to be broadly interpreted in favor of intervention, and [the court's] review is guided primarily by practical considerations, not technical distinctions." *Mont. Wildlife Fed'n v. Haaland*, No. 20-35793, 2022 WL 42794, at *2 (9th Cir. Jan. 5, 2022) (cleaned up).

The Union argues that it satisfies all of Rule 24(a)(2)'s criteria. It avers that this motion is timely because it was "filed before the Court has started to engage with any aspect of the petition's merits." Dkt. No. 32 at 8.[3] The Union further contends that it has "a significant interest in this

---

[3] District courts are required "to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity

case—indeed, it filed each of the charges giving rise to this matter." Dkt. No. 32 at 1. It adds that it has a protectable interest in representing the workers it petitioned to represent at the 1st & Pike store, and its ability to represent those workers "will be vindicated—or thwarted" depending on whether the Court orders those workers reinstated. *Id.* at 7. Specifically, "[i]f the court were to deny the Board's injunction, the Union's interest in being able to organize workers without interference or intimidation would be significantly impaired, as Starbucks has forcibly transferred and/or constructively discharged most of the workers who originally sought to be represented by the Union." *Id.* at 8. As for the last factor, the Union contends that while its interests are aligned with the Board's interests "in many respects," the Board pursues injunctive relief in the public interest and not to vindicate private rights. *Id.*; *see also* Dkt. No. 51 at 2. Therefore, "the Board's litigation decisions will be driven by its own conception of the public interest, without any particular regard for the views or interests of Workers United." Dkt. No. 32 at 8–9.

Neither the Board nor Starbucks disputes that the Union's motion is timely. However, they challenge the other factors. The Board contends that an entity is entitled to intervene only if it has a right to maintain a claim for relief, but here, the Union does not have any such right. Dkt. No. 51 at 4. Instead, the Board has exclusive authority to seek to enjoin labor practices under Section 10(j) and seek a contempt citation. *Id.* at 2, 4. Starbucks avers that even assuming the Union has an interest in this case, which it does not concede, the Board "is fully capable of conducting discovery and presenting evidence and argument to the Court." Dkt. No. 44 at 1.

Even assuming that the Union has a significantly protectable interest that may be impaired by this action, it has not met its burden of demonstrating that the existing parties may not adequately represent its interests. *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 822 (explaining

---

or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

ORDER DENYING MOTION TO INTERVENE AND GRANTING ALTERNATE REQUEST TO PARTICIPATE AS AMICUS CURIAE - 5

that the burden is on the prospective intervenor). The Union contends that the Board will pursue its own view of what is in the public interest, but the Board seeks the same—albeit broader—relief as Union: reinstatement of the workers displaced by the creation of the Heritage District. Dkt. No. 69-1 at 29 (Board request for interim relief "including reinstatement of the 33 terminated/not-rehired employees" from the three stores); Dkt. No. 32 at 7 (Union statement that its rights will be "vindicated" if the displaced 1st and Pike employees are reinstated). And the Board is seeking that relief in part to prevent Starbucks from irreparably harming "the national policy encouraging collective bargaining [and] the employees' right to choose union representation[.]" Dkt. No. 69-1 at 29. The Board is therefore seeking to vindicate the same representational interests as the Union.

Because the Union's and the Board's interests are essentially identical in this case, "a presumption of adequacy of representation applies," which the Union may only defeat with a "compelling showing" to the contrary. *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 951 (9th Cir. 2009) (internal quotations omitted) (quoting *Arakaki*, 324 F.3d at 1086). The Union has not made such a compelling showing. It does not identify any arguments the Board will omit or argue that the Board is incapable or unwilling to make those arguments. In fact, the Union's recitation of the factual background underpinning its motion to intervene relies almost entirely on the assertions in the Board's motion for a preliminary injunction. Dkt. No. 32 at 1–5. And the Union concedes that its interests are aligned with the Board's interests "in many respects." *Id.* at 8.

The Union avers that it has "a unique ability to present evidence and arguments to this Court regarding the nationwide chilling effect of the Company's actions on the Union's efforts to organize workers in dozens of states." *Id.* at 9. But the Board is already arguing that preliminary injunctive relief is needed because Starbucks' actions have "predictably chilled other employees' ability to exercise their rights under the Act." Dkt. No. 69-1 at 30; *see also id.* at 22–23. The Board

1    is pursuing other similar cases against Starbucks across the country, and the Union does not

2    contend that the Board is unwilling or unable to present nationwide evidence if relevant and

3    admissible. *See, e.g.*, *Overstreet v. Starbucks Corp.*, No. 22-cv-676 (D. Ariz. filed Apr. 22, 2022);

4    *McKinney v. Starbucks Corp.*, No. 22-cv-02292-SHL-cgc (W.D. Tenn. filed May 10, 2022); *Leslie*

5    *v. Starbucks Corp.*, No. 22-cv-478 (W.D.N.Y. filed June 21, 2022); *Kerwin v. Starbucks Corp.*,

6    No. 22-cv-12761 (E.D. Mich. filed Nov. 15, 2022); *Poor v. Starbucks Corp.*, No. 22-cv-7255

7    (E.D.N.Y. filed Nov. 30, 2022); *Lomax v. Starbucks Corp.*, No. 23-cv-1426 (D. Colo. filed June

8    6, 2023). Furthermore, conflicting decisions about what evidence to present and other litigation

9    strategy issues are not "tantamount to divergence over the ultimate objective of the suit," and

10   therefore do not render representation by existing parties inadequate. *Perry*, 587 F.3d at 949. The

11   Union has thus failed to show that the Board will fail to include any "*necessary* elements to the

12   proceeding." *Id.* at 954 (cleaned up).

13          As other courts have observed when unions sought to intervene in 10(j) proceedings, it is

14   "difficult . . . to find that the Board, possessed of expertise developed over the years, and which

15   independently determines that a petition be filed with the court for a temporary injunction for the

16   protection of the applicant, will not adequately represent the interest involved." *Reynolds ex rel.*

17   *N.L.R.B. v. Marlene Indus. Corp.*, 250 F. Supp. 722, 724 (S.D.N.Y. 1966); *see also Leslie*, 2022

18   WL 5434278, at *2–3 (denying motion to intervene); *McKinney*, No. 2:22-cv-02292-SHL-cgc,

19   Dkt. No. 45 at 6 (same). Here, the Union has failed to show that its interests will not be adequately

20   represented by existing parties. Because it has not satisfied that element, the Court need not

21   consider the others. *Perry*, 587 F.3d at 950 ("Failure to satisfy any one of the requirements is fatal

22   to the application [for intervention], and we need not reach the remaining elements if one of the

1    elements is not satisfied.").[4]

2        For these reasons, the Court denies the Union's request to intervene under Rule 24(a).

3    **B.      Rule 24(b): Permissive Intervention**

4        Rule 24(b) provides that "[o]n timely motion," courts may permit anyone to intervene who:

5        (A) is given a conditional right to intervene by a federal statute; or

6        (B) has a claim or defense that shares with the main action a common question of
         law or fact.

Fed. R. Civ. P. 24(b)(1). A court has discretion to permit intervention when a movant shows:

"(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim

or defense, and the main action, have a question of law or a question of fact in common." *Nw.*

*Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). "Even if an applicant satisfies

those threshold requirements, the district court has discretion to deny permissive intervention."

*Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). In exercising that discretion, courts

"must consider whether the intervention will unduly delay or prejudice the adjudication of the

original parties' rights." Fed. R. Civ. P. 24(b)(3). And they may also consider other factors,

"including the nature and extent of the intervenors' interest and whether the intervenors' interests

are adequately represented by other parties." *Perry*, 587 F.3d at 955 (cleaned up).

        The Board and Starbucks oppose permissive intervention, arguing that Rule 24(b) requires

the proposed intervenor to have a claim or defense that shares with the main action a common

---

[4] The cases the Union cites do not persuade the Court otherwise. In *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO, Local 283. v. Scofield*, 382 US 205, 218–22 (1965), the Supreme Court held that both charged parties and charging parties had the right to intervene in circuit court proceedings for review of final Board orders, but that is not the situation here. *Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972) involved a Department of Labor proceeding, not a Board proceeding. The Union also relies on *Johansen v. Plastics Plant, Plumbing Fixtures Division, Norris Industries*, No. 74-820-JWC, 1974 WL 1099 (C.D. Cal. Apr. 16, 1974), which was decided without accompanying analysis of the issue, and *Youngblood, for and on Behalf of N.L.R.B. v. Scottex Corporation*, No. CA-3-5684-D, 1972 WL 802 (N.D. Tex. Apr. 19, 1972), but neither opinion relied on current Ninth Circuit law.

ORDER DENYING MOTION TO INTERVENE AND GRANTING ALTERNATE REQUEST TO PARTICIPATE AS AMICUS CURIAE - 8

1  question of law or fact, but the Union has no claim and cannot bring a Section 10(j) proceeding.

2  Dkt. No. 51 at 4; *see also* Dkt. No. 44 at 2. The Union concedes that it cannot assert a claim in this

3  action; the Board has an exclusive right to bring a Section 10(j) action. Dkt. No. 58 at 1. The Union

4  has not identified any claim it could bring in this action or "demonstrate[d] that the court has an

5  independent basis for jurisdiction over [any such] claims." *Microsoft Corp. v. United States Dep't*

6  *of Just.*, No. C16-0538-JLR, 2016 WL 4506808, at *5 (W.D. Wash. Aug. 29, 2016); *see also*

7  *Donnelly*, 159 F.3d at 412.[5] The failure to establish that element alone is sufficient to deny

8  permissive intervention. *Nw. Forest Res. Council*, 82 F.3d at 839 (denying motion for permissive

9  intervention when the moving party asserted no independent basis for jurisdiction). But even if the

10  Union had cleared that hurdle, the Court would still deny the request because, as set forth above,

11  the Board will adequately protect the Union's interests. *See Perry*, 587 F.3d at 955. Accordingly,

12  the Court denies its request for permissive intervention.

13  **C.    Request to Participate as Amicus Curiae**

14      The Union requests that if the Court denies its motion to intervene, the Court should

15  nonetheless allow it to participate as amicus curiae. Dkt. No. 32 at 10. Neither Starbucks nor the

16  Board opposes that alternate request. *See generally* Dkt. No. 44; Dkt. No. 51 at 2.

17      The court has "broad discretion" to appoint amicus curiae. *Hoptowit v. Ray*, 682 F.2d 1237,

18  1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

19  Because the Union has expressed its desire to weigh in on this litigation and believes that it has

20  information regarding a nationwide chilling effect that may not otherwise be before the Court, the

21  court grants the Union amicus curiae status and grants its request to submit arguments to the Court.

22

23  ---

[5] Rule 24(c) provides that a motion to intervene must "be accompanied by a pleading that sets out the claim or defense

24  for which intervention is sought." Fed. R. Civ. P. 24(c) (stating notice and pleading requirements). The Union did not
file a pleading, and its motion does not identify a claim.

1    *See McDermott v. Ampersand Publ'g., LLC*, 593 F.3d 950 (9th Cir. 2010) (unions appearing as

2    amicus curiae); *Leslie*, 2022 WL 5434278, at *4 (allowing the Union to file an amicus brief);

3    *McKinney*, No. 2:22-cv-02292-SHL-cgc, Dkt. No. 45 at 7–8 (allowing the Union to file an amicus

4    brief regarding "the nationwide effect resulting from Starbucks' alleged violations" but denying

5    its request to participate in discovery). The Union may file a brief regarding the pending amended

6    motion for preliminary injunction of no more than 4,200 words by November 2, 2023. The Union

7    shall not file additional memoranda or participate in oral argument unless authorized in advance

8    by the Court. And because the Court has not yet ordered discovery or a hearing, it denies as

9    premature the Union's request to "offer evidence at the hearing and participate in any discovery."

10   Dkt. No. 32 at 11.

### III.   CONCLUSION

12          For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART the

13   Union's motion to intervene or, in the alternative, to participate as amicus curiae. Dkt. No. 32. The

14   Union may not intervene in this proceeding but it may participate as amicus curiae.

15          Dated this 26th day of October, 2023.

16

17                                               _____
                                                 Lauren King
18                                               United States District Judge