UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD K. HOOKS, | CASE NO. 2:23-cv-01000-LK |
| Petitioner, | |
| v. | ORDER DENYING JOINT MOTION FOR DISCOVERY PLAN |
| STARBUCKS CORPORATION, | |
| Respondent. | |

This matter comes before the Court on the parties' Joint Motion Regarding Discovery Plan. Dkt. No. 75. For the reasons set forth below, the Court denies the motion without prejudice because the parties have not thoroughly met and conferred or presented the Court with a concrete dispute in some instances.

On October 27, 2023, the Court granted in part and denied in part the parties' motions regarding discovery and allowed them to conduct limited discovery. Dkt. No. 73 at 10. The Court ordered Respondent Starbucks Corporation to submit to Petitioner a proposed discovery plan indicating, among other things, what discovery it seeks and why. *Id.* at 11. Petitioner was required to respond to Starbucks' proposal, including indicating any discovery he seeks to conduct, and

ORDER DENYING JOINT MOTION FOR DISCOVERY PLAN - 1

then the parties were to "meet and confer on the proposed discovery plan to an impasse as required by Local Civil Rule 37." *Id.* If the parties were unable to agree on a discovery plan, they could submit a joint motion under Local Civil Rule 37(a)(2). *Id.*

On December 4, 2023, the parties filed a joint motion stating that they met and conferred on November 14 and 20, 2023 but "significant differences between the Parties remain and impasse has been reached." Dkt. No. 75 at 1. They thus seek the Court's assistance with a discovery plan. *Id.*

However, this matter is not ripe for the Court's consideration because Starbucks has not provided its discovery requests to Petitioner, and the parties have not thoroughly met and conferred before seeking the Court's assistance. Starbucks plans to seek documents from the current or former Starbucks employees who provided affidavits to Petitioner in this case, and the parties have been unable to agree about the proper scope of those document requests. *Id.* at 2–3. Although the parties have discussed the requests in general terms, Starbucks has not shared its proposed document requests with Petitioner, so the arguments about their scope and potential overbreadth are merely abstract. *Id.* at 3 (Starbucks noting that Petitioner has not yet "seen any actual discovery requests" aimed at the current and former employees). Similarly, Petitioner has not yet "seen the actual subpoena requests" that Starbucks plans to serve on Workers United, *id.* at 5, so that issue has not been fully fleshed out either. Starbucks chides Petitioner for objecting before it has seen the actual requests, *id.* at 3, 5, but doing so only highlights that Starbucks needs to be more transparent and specific about what it is seeking.

In addition, the joint motion asks the Court to determine the proper scope of Starbucks' document requests to Petitioner, but it is unclear whether that issue presents a live dispute. Although Petitioner objects to providing documents about its decision-making process, Starbucks states that it does not plan to seek that information. *Id.* at 6–7. And Petitioner has agreed to produce

ORDER DENYING JOINT MOTION FOR DISCOVERY PLAN - 2

any exculpatory evidence as Starbucks requests. *Id.* at 7. Starbucks only vaguely alludes to the other information it seeks from Petitioner, casting doubt on whether the parties meaningfully met and conferred about concrete topics. *Id.* at 6–7 (Starbucks stating that it seeks "facts and figures" from Petitioner, including "*for example*, the number of other . . . Section 8(a)(3) and 8(b)(2) unfair labor practice charges he processed from the date the underlying unfair labor practice charges were filed in this case to present." (emphasis added)); *see also id.* at 4 (listing only a broad category as an "example" of the information Starbucks seeks from Workers United). It would not be an efficient use of judicial resources for the Court to guess at what discovery might be requested based on the parties' incomplete submission. In the absence of a thorough meet and confer about concrete, specific requests, the parties' motion for the Court's assistance is premature.

Moreover, the parties have failed to support some of their positions in the joint motion. Starbucks avers that the much of the information it seeks is relevant to "chill," but it cites nothing in support of its contention that chill is "directly at issue" in this case. *Id.* at 3. Meanwhile, Petitioner responds that "chill" is not at issue. *Id.* at 4. The Court need not resolve the applicability of that issue now, but Starbucks does need to support its contention that the issue exists to support its relevance argument. Nor has Starbucks explained its purported need to depose Petitioner's and Workers United's employees.

Accordingly, the Court DENIES the parties' joint motion without prejudice. Dkt. No. 75. If the parties intend to refile their motion, they must first meet and confer regarding specific proposed discovery requests or topics. Another half-baked motion may result in sanctions.

Dated this 7th day of December, 2023.

Lauren King
United States District Judge